SCOTT *v.* SCOTT.

1. DIVORCE—DESERTION—PROPERTY SETTLEMENT—SUPPORT OF CHILD
   —ALIMONY.
   Provisions of decree granted plaintiff husband are affirmed so
   far as divorce on ground of desertion is concerned, but altered
   as to bar, valued at $20,000 and for which license from liquor
   control commission is in his name, which is awarded to him in-
   stead of her, he is ordered to pay her $5,000 and home, valued
   at $12,000, and household furniture is awarded her, where par-
   ties have a son, now 11 years old, the husband also being re-
   quired to pay $15 a week for the son's support until he is 17
   years of age and $20 a week as alimony to wife until she shall
   remarry; such disposition of the property providing the mother
   a home in which to care for the son whose custody is awarded
   her.

2. SAME—MODIFICATION OF DECREE—COSTS.
   No costs are allowed on husband's appeal as to provisions of de-
   cree as to disposition of property, where, although such pro-
   visions are changed, he did not request costs.

Appeal from Wayne; Neuenfelt (Lila M.), J.
Submitted January 9, 1951. (Docket No. 43, Calen-
dar No. 44,961.) Decided September 5, 1951. Re-
hearing denied December 3, 1951.

Bill by Don L. Scott against Esther A. Scott for
divorce. Decree of divorce entered. Plaintiff ap-
peals from property settlement in decree. Modified
decree entered.

*Clarence A. Reid,* for plaintiff.

*J. Richard Newman,* for defendant.

*Griffiths, Williams & Griffiths* (*Martha W. Grif-
fiths,* of counsel), for defendant on application for
rehearing.

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce and Separation §§ 445, 596, 610, 699.

REID, C. J. This is a divorce suit in which plaintiff charged defendant with desertion. Defendant denied the desertion but the trial court found for the plaintiff on that issue and awarded a decree to plaintiff. Plaintiff appeals on grounds of property settlement only.

Parties hereto were married in September, 1933. Both had been married before. They have one son, born July 29, 1940, whose custody was awarded to defendant wife.

During their married life, the parties hereto by their joint efforts acquired a "bar," so-called, operating under license from the liquor control commission. From proceeds of the bar business they acquired a home and household furniture, and an automobile for each.

The bar, which by agreement of the parties was valued at $20,000, was awarded to the wife.

The trial court found the home, awarded to the husband, to have a gross value of $18,000 and a net value of $12,800 after deduction of the mortgage.

The plaintiff and defendant were awarded their respective automobiles. The husband also was awarded all the household furniture, value undetermined. On offer of defendant wife, the trial court ordered her to pay to her husband the sum of $5,000 cash. As estimated by the trial court, the husband thereby received property of the value of $17,800, while the wife received property of the value of $15,000. Also, the husband was relieved of payment of alimony for support of the wife, and of all support of the minor child.

Plaintiff acquired the bar, the license for which stands in his name, in 1942, and thereafter he practically dropped some other "side-line" business ventures for the most of the ensuing years, and worked from about 5 p.m. daily until about 2 a.m. at the bar. He is a member of 6 service, business and social

clubs and organizations. He is a licensed real estate broker and builder, but is not active in such lines of business, and has no income except from the bar.

The principal contention on this appeal is over the ownership of the bar.

In July, 1942, at the request of her husband, defendant wife started working in the bar and has worked and assisted in the operation of said bar since said date. She has worked 7 days a week in the bar, from 9 a.m. to 6 p.m. She has done all the bookkeeping; kept the social security records; paid all business bills, and done the banking; ordered and picked up the liquor for the bar. On Sundays, Tuesdays and Fridays (or Thursdays), she has worked regularly behind the bar without any help. She has done the cleaning of the bar; washed the venetian blinds and windows; opened up the place of business in the morning and cleaned the restrooms; and has done "about everything to be done."

The trial court, in its opinion, found that defendant wife, "in general has managed the entire bar business; that for this she has received only her living expenses."

A fair reading of the husband's testimony shows that he either agrees with, or does not deny, the above facts as to the wife's activities in the operation of the bar.

Defendant wife has had no other employment than at the bar for the past 8 years and no other source of income.

The trial court did not express in its opinion or decree, an estimate as to the undesirability of defendant mother continuing in a business, to manage which she must spend 9 working hours daily in an employment where her 11-year-old son, of whom she is custodian, may not properly be with her. The moral value of care and attention to be given the son ought to be given primary attention by her. Dur-

ing the busy evening hours of the bar, the defendant should not be drawn from her home to look after the bar business. Further, defendant requires a home in which to care for the son.

Plaintiff complains of the decree as not for the best interests of the parties concerned by reason of the award of property rights and interests.

We consider that what property, property rights and interests were by the decree awarded to plaintiff should be awarded to the defendant, and what the decree awarded to defendant should be awarded to plaintiff, with this difference, however, that the $5,000 is to be paid by plaintiff husband to defendant wife within 30 days after filing of this opinion and that the plaintiff husband shall be required to pay $15 per week to defendant as alimony for the support of the son, Donn A. Scott, until he shall attain the age of 17 years or until the further order of the court, and $20 per week as alimony for defendant until she shall remarry, and that plaintiff shall have his automobile, defendant shall have her automobile and the household furniture. The decree to plaintiff of divorce on the ground of desertion shall stand, and defendant mother shall have custody of the son until the further order of the court.

This Court will enter its decree in accordance with this opinion. The cause is remanded to the trial court for the carrying out and enforcement of the terms of our decree. No costs, appellant not having requested costs.

Boyles, North, Dethmers, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.