## LA MACCHIA *v.* CONN

HABEAS CORPUS—CUSTODY OF CHILD—APPEAL AND ERROR—FINDINGS OF FACT.

> Where trial court fails to make an evidentiary record of a hearing and determination of the issues involved on a petition for a writ of habeas corpus to inquire into the custody of a minor child held by one of his divorced parents, the order made thereon must be vacated and the cause remanded for making an evidentiary record.

Appeal from Wayne, Farmer (Charles S.), J. Submitted Division 1 October 10, 1968, at Detroit. (Docket No. 5,451.)   Decided November 25, 1968.

Petition by Alice Quessy La Macchia, natural mother of Hermie Rebbie Conn, for a writ of habeas corpus to inquire into the detention of the infant. Custody given to mother.  Hermie Conn, the father of the child, appeals.  Reversed and remanded.

*Samuel H. Rubin,* for defendant.

PER CURIAM.  On October 11, 1966, Alice Quessy La Macchia filed a petition for habeas corpus to inquire into detention of Hermie Rebbie Conn, an infant.  The petition alleges that she, the natural mother of the child, had been granted custody by decree of an Indiana court in 1959; that about 10

REFERENCE FOR POINTS IN HEADNOTE
39 Am Jur 2d, Habeas Corpus §§ 92, 143, 148.

days after entry of the decree the child's father obtained him by subterfuge and refused to return him to his mother; that the child should be released to her care and custody. On October 14, 1966, the father filed an answer denying material allegations of the petition, denying the mother's suitability to have custody, and asking that he retain custody. About 2 months later the father filed a petition for an immediate hearing of the issues. By order filed December 21, 1966, the court referred the matter to the friend of the court for the purpose of taking testimony.

On November 14, 1967, upon the mother's application, the court ordered the father to show cause why he should not be ordered to deliver custody of the child to the mother forthwith. On January 4, 1968, the court made a second such order. The father filed an answer to the mother's petition for order to show cause.

The file contains the report of a child psychiatrist, which concludes "I believe it would jeopardize Hermie's adjustment to have to move from his father's household to his mother's household at this point in his life  *  *  *  ."

On March 27, 1968, the court made an order which recites in part "The court having heard the arguments of counsel, and having subsequently interviewed the minor child  *  *  *  and the court being fully advised in the premises". Among its pronouncements the order made the child a ward of the court, required the father to send the child to the mother's home in Florida, and recognized the Indiana decree "as being in full force and effect". It does not appear that any testimony was taken or evidence introduced.

The father petitioned for rehearing, claiming that no testimony had been offered and no evidence pre-

sented to support the order. Following denial of rehearing the father appealed to this Court.

It is especially important in cases of this nature, where possible future changes in circumstances may lead to moves toward modification, that an evidentiary record be made. *Neff* v. *Neff* (1959), 358 Mich 134. Examination of the record reveals that the circuit judge failed to comply with GCR 517.1 which requires the court to find the facts specially and state separately its conclusions of law thereon.

The order made March 27, 1968, is vacated and the cause remanded to the circuit court for the making of an evidentiary record on hearing and determination of the issues involved.

J. H. GILLIS, P. J., and R. B. BURNS and KELLEY, JJ., concurred.