KURTZ v. KURTZ

Divorce—Child Custody—Best Interests—Evidence.
Denying a petition to change the custody of children from the father to the mother was proper where the evidence showed that the children loved and respected their father, the father had provided the sole stability for the children for five years before the mother's petition for their custody, and the trial judge desired to maintain continuity in the children's custody.

Appeal from Osceola, Charles A. Wickens, J. Submitted Division 3 March 4, 1971, at Grand Rapids. (Docket No. 10351.) Decided April 2, 1971.

Complaint for divorce by Edmund L. Kurtz against Helen Gail Kurtz. Judgment of divorce for plaintiff, with custody of children. Defendant's petition for change of custody denied. Defendant appeals. Affirmed.

*Calvin B. Talhelm,* for plaintiff.

*George Van Kula,* for defendant.

Before: Fitzgerald, P. J., and Holbrook and Bronson, JJ.

---

Reference for Points in Headnote
24 Am Jur 2d, Divorce and Separation § 793.

PER CURIAM.  Plaintiff and defendant were married in 1958, and from this union four daughters were born.  Plaintiff husband filed suit for divorce in 1965, alleging that defendant had neglected the children and had become involved in an improper relationship with another man.  Plaintiff was granted temporary custody of the children.  The divorce was finalized in 1966 and plaintiff was granted permanent custody of the children after the court determined that the change of custody from the plaintiff father to the defendant mother would not be beneficial to the children.

Subsequent to the divorce, both parties remarried, and the second marriage brought stepchildren into the respective families.

On June 16, 1970, defendant filed a petition for change of custody, which was denied by the trial court following a hearing at which both parties testified and presented their witnesses.

The children's best interest is the guiding principle in deciding child custody matters.  See PA 1970, No 91 (MCLA § 722.25; Stat Ann 1971 Cum Supp § 25.312[5]); *Sweet* v. *Sweet* (1950), 329 Mich 251; *Tarr* v. *Pollock* (1970), 25 Mich App 437; *Lamky* v. *Lamky* (1970), 29 Mich App 17.

The lower court's decision was influenced by the evidence which indicated that the children love and respect their father, as well as by the desire of the trial judge to maintain continuity.  The trial judge acknowledged that the father had provided the sole stability for the children for five years prior to the instant action.

The standard of appellate review of child custody cases is set forth in PA 1970, No 91 (MCLA § 722.28; Stat Ann 1971 Cum Supp § 25.312[8]):

"To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders

and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue."

Having reviewed the entire record, we conclude that the trial court's order denying defendant's petition for a change of custody was properly made.

Judgment affirmed.