PINNEY v PINNEY

OPINION OF THE COURT

1. DIVORCE—APPEAL AND ERROR—DISCRETION.
   The Court of Appeals hears a divorce case *de novo* on the record,
   but will not substitute its judgment for that of the trial judge
   absent a showing of abuse of discretion.

2. DIVORCE—PROPERTY SETTLEMENT—DISCRETION.
   The trial court has wide discretion in dividing the property of a
   marital estate.

3. DIVORCE—PROPERTY SETTLEMENT—DISCRETION.
   A review of the record in a divorce case in which the appellant
   was awarded property valued at $90,000 while the appellee was
   awarded property worth $116,000 did not show any abuse of
   discretion by the trial court where the trial court found that
   the estate had been acquired through the efforts of the appellee
   and that the property awarded to the appellee was heavily
   encumbered while the appellant's property was free of any
   encumbrances.

4. DIVORCE—ALIMONY—DISCRETION.
   Alimony payments are within the discretion of the trial court,
   and where a review of the background of the marriage, the
   distribution of marital property, and the situation of the wife
   after the divorce does not indicate that the alimony was inade-
   quate, the trial court did not abuse its discretion in the grant-
   ing of the alimony.

5. DIVORCE—ATTORNEY FEES—DISCRETION.
   Allowance of attorney fees to the wife in a suit for divorce rests

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 135.
   5 Am Jur 2d, Appeal and Error §§ 703, 868.
[2, 3] 24 Am Jur 2d, Divorce and Separation §§ 929, 930, 933.
[4, 6] 24 Am Jur 2d, Divorce and Separation §§ 601, 626.
   Excessiveness of amount of money awarded as permanent alimony
      where divorce is or has been granted. 1 ALR3d 6.
[5] 24 Am Jur 2d, Divorce and Separation § 571 *et seq.*

in the sound discretion of the trial court, and where the only question was over the distribution of property and not the divorce itself or matters of custody, and the proceedings were of short duration, there was no abuse of discretion in the trial court's awarding no attorney fees to the wife.

DISSENT BY MCGREGOR, J.

6. DIVORCE—ALIMONY—DISCRETION.

*The trial court abused its discretion when it granted alimony to the plaintiff wife in a divorce action in an amount of merely $250 per month for a limited period of five years where the trial court had found that there was little likelihood that plaintiff after 32 years of marriage could obtain gainful employment at her age and in view of her lack of training in any skills, and where the division of assets was grossly unfair in that the property awarded to plaintiff was non-income producing and would result in a diminution of her assets due to maintenance costs and property taxes, and the defendant was given property that was income producing and in excess of $26,000 over that given to plaintiff, and where the defendant had an annual income exceeding $64,000 per year.*

Appeal from Shiawassee, James M. Teahen, J. Submitted Division 2 December 14, 1972, at Lansing. (Docket No. 13606.) Decided May 23, 1973. Leave to appeal applied for.

Complaint by Gladys Pinney against Donald Pinney for divorce. Judgment for plaintiff. Plaintiff appeals. Affirmed.

*Thomas L. Gadola,* for plaintiff.

*Shulaw & Pajtas,* for defendant.

Before: FITZGERALD, P. J., and MCGREGOR and TARGONSKI,* JJ.

TARGONSKI, J. The parties to this action were granted a no-fault divorce. The appellant has

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

raised three objections to the decree entered below, all of which allege an abuse of the trial court's discretion.

Although this Court hears a divorce case *de novo* on the record it will not substitute its judgment for that of the trial judge absent a showing of abuse of discretion. *Snyder v Snyder,* 42 Mich App 573 (1972); *Schaffer v Schaffer,* 37 Mich App 711 (1972).

The appellant first contends that the trial court abused its discretion in dividing the property among the parties. The trial court has wide discretion in dividing the property of the marital estate. *Czuhai v Czuhai,* 30 Mich App 208 (1971); *Schamber v Schamber,* 41 Mich App 589 (1972).

A review of the record and the trial court's opinion reveals that the appellant was awarded property valued at $90,000 while the appellee was awarded property worth $116,000. The trial court, in reaching this result, found that the estate had been acquired through the efforts of the appellee and that the property awarded to the appellee was heavily encumbered while the appellant's property was free of any encumbrances. Contribution towards the acquisition of the marital estate is clearly one of the factors to be considered when an equitable division of the property is attempted. *Whittaker v Whittaker,* 343 Mich 267 (1955). The fact that substantial property was awarded to one party while the other party's property is heavily encumbered is a valid consideration. *Schaffer v Schaffer, supra.* A *de novo* review of the record in the instant case does not show any abuse of discretion by the trial court in this regard.

The appellant next contends that the trial court abused its discretion in granting her alimony of only $250 per month for a limited number of years

rather than $250 per week. Alimony payments are within the discretion of the trial court. *Socha v Socha,* 5 Mich App 404 (1966); *Hutchins v Hutchins,* 36 Mich App 675 (1971). A review of the background of the marriage, the distribution of the marital property, and the situation of the wife after the divorce does not indicate that this was inadequate. The substantial property award plus $250 per month is not an unacceptable alimony allowance under these circumstances. The trial court did not abuse its discretion.

The appellant further contends that the trial court erred in not awarding her attorney fees. Allowance of attorney fees to the wife in a suit for divorce rests in the sound discretion of the trial court. *Ross v Ross,* 24 Mich App 19 (1970); *Clemens v Clemens,* 39 Mich App 626 (1972). Considering that the only question was over the distribution of the property, and not the divorce itself or matters of custody, and that the proceedings were of a short duration, we find no abuse of discretion.

Affirmed.

FITZGERALD, P. J., concurred.

McGREGOR, J. *(dissenting).* A careful review of the record and the trial judge's opinion convinces me that there has been a clear abuse of discretion in granting alimony to plaintiff for a limited period of five years.

The record discloses that the plaintiff wife was 57 years of age and defendant husband was 53 years of age at the time this judgment of divorce was granted. The defendant had net income of over $64,000 in 1970 and plaintiff earned nothing; defendant's annual net income has substantially increased each year and, in fact, over the last four

years, his income has risen from $15,761 to $64,-236.

The trial court specifically found that "there is little likelihood that plaintiff could obtain gainful employment at her age and in view of her lack of training in any skills". The trial court then ordered a division of property whereby the plaintiff received a house, a cottage, her savings and checking accounts, a 1968 automobile, a debt owed to her by her son, and the household furniture. The value placed on this property was approximately $90,000 and this valuation is not disputed by any of the parties. It should be noted that, with the exception of the savings account, none of the property given to the plaintiff is income-producing property; as a matter of fact, it will result in diminution of plaintiff's assets, as a result of maintenance costs and property taxes.

The court granted defendant property valued at approximately $116,000; this figure is not disputed and is the net value of the property after all debts were subtracted, giving the defendant husband a net excess of $26,000 over that given to plaintiff. It should be noted that virtually all the property granted to the defendant is income-producing property, the net result of which is that defendant derives a substantial income from the property as well as increasing his equity in the property each year. No evaluation figure was considered or placed on defendant's successful business other than the tangible property in the operation, of which defendant earned $50,000 in the last full year before trial.

The court also ordered alimony of $250 per month for a period of five years. When her alimony ceases, plaintiff will be 62 years of age.

In view of the trial court's finding that "there is

little likelihood" that plaintiff could find employment at the time the divorce was granted, there would be even less chance of obtaining gainful employment at this time, five years hence, at the cessation of alimony.

Thus, we have a highly inequitable situation, where the wife receives property that will cost her money to keep and maintain, and the husband receives a larger share of the property which is income-producing; in addition, the wife has no independent income, while the husband has substantial earnings. (1970 income consisting of salary of $50,000, income from business properties of $13,212.85, and interest of $823.31.)

The limited award of alimony will undoubtedly force the plaintiff gradually to sell the various assets given her, after she reaches the age of 62 years. Thus, plaintiff's "golden years" will undoubtedly be spent in a gradual but nevertheless inevitable process of selling her assets until she is destitute.

In *Bialy v Bialy,* 167 Mich 559, 565–566 (1911), the Court defined alimony as:

"an incident of marriage, and based on the underlying principle that it is the duty of the husband to support his wife, not necessarily to endow her. Primarily it signifies, not a certain portion of his estate, but an *allowance or allotment adjudged against him for her subsistence, according to his means and their condition in life during their separation, whether it be for life or for years.* In practical application an award of permanent alimony in a gross sum may result in a division of the husband's estate; but *the controlling element not to be lost sight of is his compulsory contribution for her support and maintenance under obligations of the marriage contract."* (Emphasis added.)

Similarly, alimony is defined in 24 Am Jur 2d,

Divorce and Separation, § 514, pp 640–641, as follows:

" 'Alimony,' which signifies literally nourishment or sustenance, is an allowance for support and maintenance, or, as has been said, a substitute for marital support. It is the allowance which a husband may be compelled to pay to his wife or former wife for her maintenance when she is living apart from him or has been divorced. * * * The primary signification of the word is that of a provision for the support of the wife. Like the 'alimentum' of the civil law, from which the word was evidently derived, it has for its sole object the provision of food, clothing, habitation, and other necessaries for the support of the wife."

In *Scott v Scott,* 331 Mich 273 (1951), the trial court had granted the defendant wife income-producing property, a bar valued at $20,000, and had ordered her to pay $5,000 to the plaintiff husband, leaving her with property with a net value of $15,000. This defendant husband received non-income-producing property, the marital home valued at $12,800, which, when added to the $5,000 the wife was to pay to the husband, equalled $17,800. On appeal, the Supreme Court modified the property award as follows:

"We consider that what property, property rights and interests were by the decree awarded to plaintiff should be awarded to the defendant, and what the decree awarded to defendant should be awarded to plaintiff, with this difference, however, that the $5,000 is to be paid by plaintiff husband to defendant wife within 30 days after filing of this opinion and that the plaintiff husband shall be required to pay * * * $20 per week as alimony for defendant until she shall remarry, and that plaintiff shall have his automobile, defendant shall have her automobile and the household furniture." *Scott, supra,* p 276.

It is thus noted that the wife in *Scott, supra,* received a *greater* share of the marital property and, apparently because it was non-income-producing property, an award of alimony as well.

In *Kennedy v Kennedy,* 302 Mich 491, 502 (1942), Court, after granting the plaintiff husband a divorce, stated:

"We recognize that defendant, because of her age and lack of recent business experience and connections, would find it difficult, if not impossible, to support and maintain herself. *Plaintiff should provide her with reasonable support and maintenance.* The amount awarded defendant for her support and maintenance should be subject to modification or change from time to time, depending upon the circumstances of the parties. *Plaintiff should also pay a reasonable amount for defendant's attorneys' fees, and should pay expenses necessarily incurred by her in connection with this suit and appeal.* " (Emphasis added.)

In the instant case, considering plaintiff's age, the fact that the parties were married for 32 years, and that they started with little or nothing and subsequently acquired their substantial assets as a result of a joint effort, and considering that the property which plaintiff received is non-income-producing property, while the property which defendant received is largely income-producing property, in addition to which, the savings account which was awarded to the plaintiff consisted of monies accumulated by her during the marriage as a result of her 17 years of employment by her husband in his business, I find the division of assets grossly unfair.

I would grant the savings account to the plaintiff, entirely separate from the other assets considered in this property division; I would order that defendant pay permanent alimony of $600 per

month to the plaintiff until such time as she may remarry or until her death, whichever may occur first; and I would order that defendant pay a reasonable amount for plaintiff's attorney fees and the costs of this suit and appeal.

I would remand for an entry of an order consistent with the modifications contained herein, and for a determination of the costs incurred by plaintiff in this action.