WESTRATE v WESTRATE

1. DIVORCE—APPEAL AND ERROR—DE NOVO REVIEW—ALIMONY—PROPERTY SETTLEMENTS.

   A trial court in a divorce action has wide discretion in dividing the property of a marital estate and in awarding alimony; the Court of Appeals, while hearing appeals in divorce cases *de novo,* does not generally revise or modify alimony awards and property settlements unless convinced that it would have had to reach another result had it occupied the position of the trial chancellor, since the award of property to each party in a divorce action depends upon all the equitable factors involved, including the source of the property, each party's contribution toward acquisition of the property, length of the marriage, needs of the parties, their earning ability, the cause of the divorce, and the needs of the children involved, and trial judges are much closer to the factual situation that determines the influence of these factors.

2. DIVORCE—STATUTES—ATTORNEY FEES—SEPARATE CRIMINAL ACTIONS.

   The statute allowing the court to require either party to a divorce action to pay sums necessary to enable the adverse party to carry on or defend the action does not operate to allow a defendant wife in a divorce action to recover attorney fees incurred in a separate and prior criminal action for assault with intent to commit murder where the victim of the alleged assault was the plaintiff husband in the divorce proceeding (MCLA 552.13).

3. DIVORCE—CHILD CUSTODY—DISCRETION—APPEAL AND ERROR.

   The trial court in a divorce action has broad discretion in considering the myriad of factors relevant to resolving custody disputes in the best interests of the child; since he is much closer

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 135.
   24 Am Jur 2d, Divorce and Separation §§ 618, 925.
[2] 24 Am Jur 2d, Divorce and Separation § 571 *et seq.*
[3] 24 Am Jur 2d, Divorce and Separation §§ 779, 791, 793, 794.

to the factual situation and the parties, the Court of Appeals will not change his custody orders in the absence of a showing that he abused his discretion.

Appeal from Ottawa, John H. Piercey, J. Submitted Division 3 October 2, 1973, at Grand Rapids. (Docket No. 16722.) Decided November 29, 1973. Leave to appeal denied, 391 Mich —.

Complaint for divorce by Warren Westrate against Bonnie Westrate. Judgment for plaintiff. Defendant appeals from property settlement, attorney fees, and child custody provisions of judgment. Affirmed.

*James W. Bussard,* for plaintiff.

*Leo W. Hoffman,* for defendant.

Before: HOLBROOK, P. J., and BASHARA and O'HARA,* JJ.

HOLBROOK, P. J. Defendant appeals from the judgment granted her husband in the divorce action below. Essentially three issues are before us on appeal.

The first question is whether the property settlement devised by the trial court was "just and reasonable" under MCLA 552.23; MSA 25.103. The trial court has wide discretion in dividing the property of a marital estate and awarding alimony. *Pinney v Pinney,* 47 Mich App 290; 209 NW2d 467 (1973). While we hear appeals in divorce cases *de novo,* we do not generally revise or modify alimony awards and property settlements in divorce judgments unless convinced that we would have had to reach another result had we

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

occupied the position of the trial chancellor. *Hostetler v Hostetler,* 46 Mich App 724; 208 NW2d 596 (1973). We adhere to these rules because the award of property to each party in a divorce action depends upon all the equitable factors involved, including the source of the property, each party's contribution toward acquisition of the property, length of the marriage, needs of the parties, their earning ability, the cause of the divorce, and the needs of any children involved. *Hostetler, supra.* Since trial judges are much closer to the factual situation that determines the influence of these factors, we give great weight to their analyses. In this case we have carefully reviewed both the trial court's opinion and the evidence and have concluded that the denial of alimony and the property settlement prescribed in the divorce judgment was fair and equitable under all the circumstances of this case.

The second question before us is whether it was error for the trial court to hold that it did not have jurisdiction to either consider or award to the defendant the attorney fees she incurred in her defense of a criminal charge. Defendant was charged with assault with intent to commit murder after shooting her plaintiff husband in their home. She was found not guilty by reason of insanity in October 1971. She now claims that the expenses she incurred were necessary not only to defend her in the criminal case, but also to defend her right to custody of the children and her right to part of the marital estate in the divorce action. This argument is based on defendant's interpretation of MCLA 552.13; MSA 25.93, which reads in part as follows:

"In every action brought, either for a divorce, or for a separation, the court, in its discretion, may require

either party * * * to pay *any sums necessary to enable the adverse party to carry on or defend the action, during its pendency.*" (Emphasis supplied.)

While defendant's argument is ingenious, it also is judicially indigestible. Essentially what defendant asks us to do is to order the complainant-victim of a criminal assault to pay the attorney's fees the alleged assaulter incurs in defending against the assault charge. The victims of crime suffer enough without also having to bear the expense of their attackers' defense. The mere fact of marriage does not change this result. We believe MCLA 552.13; MSA 25.93 was designed to allow an adverse party under some circumstances to recover attorney's fees incurred in the divorce suit itself, but not in separate criminal actions in which the complainant is one of the parties to the divorce action.[1]

The final issue we must adjudicate is whether the defendant is entitled to the custody of her natural children, adopted by the plaintiff, and the natural son of the parties. The courts of this state are statutorily bound to resolve child custody disputes in the "best interests of the child", with that consideration entailing a myriad of factors. See the Child Custody Act of 1970, MCLA 722.21 *et seq.;* MSA 25.312(1) *et seq. Kurtz v Kurtz,* 32 Mich App 366; 188 NW2d 653 (1971). The trial court has broad discretion in this area, since he is much closer to the factual situation, to the children, and to the parties, and is therefore better able to discern the "best interests of the child". In the absence of a showing that he has abused his discretion, we will not change his custody orders

---

[1] For the view that legal services rendered for the wife to defend her against a criminal charge are "necessaries" for which the husband is liable, *see* 41 CJS, Husband and Wife, § 60, pp 526–527 and cases from foreign jurisdictions cited therein.

on appeal. *Miller v Miller,* 23 Mich App 430; 178 NW2d 822 (1970). We have reviewed the record *de novo* and find no abuse of discretion in the trial judge's determinations.

Affirmed. Costs to plaintiff.

All concurred.