ZAWISA v ZAWISA

1. DIVORCE—INFANTS—CHILD CUSTODY—CHILDREN—BEST INTERESTS.

The best interests of the children, in a divorce case, control the resolution of a custody dispute between the parents of the children.

2. DIVORCE—CHILD CUSTODY ACT—INFANTS—CHILDREN—BEST INTERESTS—STATUTES—FACTORS—OBLIGATION OF JUDGE.

The trial judge in a child custody dispute has an obligation to consider, evaluate, and determine each of the factors which comprise the statutory definition in the Child Custody Act of the phrase "best interests of the child" (MCLA 722.23).

3. DIVORCE—INFANTS—CHILD CUSTODY—FINDINGS OF FACT—CONCLUSIONS OF LAW—COURT RULES.

Failure of the court in a child custody dispute to make specific findings of fact and state its conclusions of law is reversible error (GCR 1963, 517.1).

Appeal from Wayne, Neal E. Fitzgerald, J. Submitted Division 1 December 10, 1974, at Detroit. (Docket No. 21093.) Decided May 13, 1975.

Complaint by Patricia A. Zawisa against Ernest J. Zawisa for divorce. Divorce granted with custody of the children awarded to defendant. Plaintiff appeals the custody decision. Reversed and remanded.

*Norman P. Ochs,* for plaintiff.

*Daguanno & Cinnamon, P. C.,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation § 783.
[2] 24 Am Jur 2d, Divorce and Separation §§ 779, 785.
[3] 24 Am Jur 2d, Divorce and Separation § 791 *et seq.*

Before: Bronson, P. J., and McGregor and Carland,* JJ.

Per Curiam. Plaintiff-appellant, Patricia Zawisa, was granted a divorce from her husband, defendant-appellee, Ernest Zawisa, in the trial court. Mr. Zawisa was given custody of the two children of their marriage. The custody order forms the sole basis of this appeal. Its disposition is governed by the Child Custody Act of 1970, MCLA 722.21, *et seq.;* MSA 25.312(1), *et seq.*

When the parties to a custody dispute are the parents of the children involved, "the best interests of the child[ren] shall control" the resolution of the dispute. MCLA 722.25; MSA 25.312(5), *Kurtz v Kurtz,* 32 Mich App 366; 188 NW2d 653 (1971), *Westrate v Westrate,* 50 Mich App 673; 213 NW2d 860 (1973). The Child Custody Act is very explicit in defining what the phrase "best interests of the child" means in this context and in listing what can properly be considered in determining whether the definition is satisfied in a given case:

" 'Best interests of the child' means the sum total of the following factors to be considered, evaluated and determined by the court:

"(a) The love, affection and other emotional ties existing between the competing parties and the child.

"(b) The capacity and disposition of competing parties to give the child love, affection and guidance and continuation of the educating and raising of the child in its religion or creed, if any.

"(c) The capacity and disposition of competing parties to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in lieu of medical care, and other material needs.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"(d) The length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity.

"(e) The permanence, as a family unit, of the existing or proposed custodial home.

"(f) The moral fitness of the competing parties.

"(g) The mental and physical health of the competing parties.

"(h) The home, school and community record of the child.

"(i) The reasonable preference of the child, if the court deems the child to be of sufficient age to express preference.

"(j) Any other factor considered by the court to be relevant to a particular child custody dispute." MCLA 722.23; MSA 25.312(3).

The trial judge has an obligation to consider, evaluate and determine each of these factors in reaching a decision on the issue of custody. In so doing, he must also take care to faithfully exercise the duty imposed upon him by GCR 1963, 517.1:

"In all actions tried upon facts without a jury * * * the court shall find the fact specially and state separately its conclusions of law thereon * * * ."

Failure to comply with GCR 1963, 517.1 in a divorce proceeding is reversible error. *Nicpon v Nicpon,* 9 Mich App 373; 157 NW2d 464 (1968). Proper findings of fact are especially critical in child custody cases. *LaMacchia v Conn,* 14 Mich App 243; 165 NW2d 325 (1968).

We have very carefully examined the record. We have been unable to discover any discussion of the factors which the statute obliges the trial judge to consider. On three separate occasions, the trial judge does mention what might be included under the category of Mrs. Zawisa's "moral fitness". On

one occasion during the trial, the judge made a somewhat veiled reference to Mrs. Zawisa's alleged transgressions:

*"The Court:* I think that divorce is a joke these days. The only bearing that infidelity and things like that have on divorce these days is the amount of settlement. It doesn't make any difference how unfaithful one party is, or the other if they sue for divorce, they can get it."

The closest he ever came to considering Mrs. Zawisa's conduct in relation to her fitness to have custody of the children is in the following statement, which marks the end of the divorce trial:

*"The Court:* This case is just as cold as any I have ever seen, she was not faithful in my opinion. I believe that the children should not live in that environment. That is all."

The trial judge further amplified his views on the matter at the hearing on Mrs. Zawisa's motion for new trial:

*"The Court:* In this case, your client was so derelict in her moral principles and actions that she did not deserve anything, not the children, nothing else, she had been double crossing her husband for a couple of years. She had been caught stone cold about three times and she didn't have anything coming and I didn't want these children exposed to being raised by a party of that nature."

Counsel for Mrs. Zawisa thereafter directed the court's attention to the ten factors listed in the statute and invited consideration of them all. This the judge declined to do.

We are concerned that the custody decision may have been based on a feeling held by the trial judge, rightly or wrongly, that Mrs. Zawisa did not

deserve custody and that the denial of her petition for custody would provide a just punishment for her faithlessness. He seemed to have focused entirely on the righteousness of the mother, rather than on the best interests of the children. The judge here at most considered but one of the listed factors. We hasten to point out that there is substantial support in the record for Mrs. Zawisa's custody request. Such an incomplete and one-sided application of the Child Custody Act cannot be condoned. *Parrott v Parrott,* 53 Mich App 635; 220 NW2d 176 (1974), *Feldman v Feldman,* 55 Mich App 147; 222 NW2d 2 (1974).

Because of the trial judge's apparent failure to analyze the problem of child custody in accordance with MCLA 722.25; MSA 25.312(5) and also because of his clear failure to make specific findings of fact as required by GCR 1963, 517.1, this case must be reversed. On remand, another hearing on child custody shall be held within 60 days of the release of this opinion. The relevant portions of the Child Custody Act are to be explicitly applied by the trial judge and his decision shall be made in accordance with GCR 1963, 517.1. The granting of exclusive possession of the marital home until such time as the youngest child reaches the age of majority shall also be reconsidered, inasmuch as this order no doubt depended upon the custody disposition previously discussed.

Reversed and remanded for further proceedings not inconsistent with this opinion. The terms of the present judgment of divorce are to remain in effect until a custody hearing is conducted in conformity with this opinion. We retain jurisdiction.

CARLAND, J., did not participate due to illness.