FIFIELD v FIFIELD

Docket No. 77-2833. Submitted March 7, 1978, at Grand Rapids.— Decided May 23, 1978.

Ruth Fifield commenced a divorce action against Wayne Fifield. In the judgment of divorce, plaintiff was awarded custody of their son. The defendant petitioned the circuit court for a change of custody. The petition was denied, Kent Circuit Court, George R. Cook, J. Defendant appeals. *Held:*

The trial court's decision was neither against the great weight of evidence nor an abuse of discretion.

Affirmed.

D. E. HOLBROOK, J., dissented. He would remand the matter to circuit court for an explication of the trial court's decision because the trial court's opinion indicates that the court did not evaluate and consider all of the necessary factors for determining the best interests of the child.

OPINION OF THE COURT

1. INFANTS—PARENT AND CHILD—CHILD CUSTODY—DISCRETION—APPEAL AND ERROR.

The Court of Appeals will not change a trial court's custody order, where, after reviewing the briefs and record, the Court is persuaded that the trial court's decision was neither against the great weight of the evidence nor an abuse of discretion.

DISSENT BY D. E. HOLBROOK, J.

2. INFANTS—CHILD CUSTODY ACT—BEST INTERESTS OF CHILD—STATUTES—FACTORS—OBLIGATION OF JUDGE.

*The trial court in a child custody dispute has an obligation to consider, evaluate, and determine each of the factors which comprise the statutory definition in the Child Custody Act of the phrase "best interests of the child" (MCL 722.23; MSA 25.312[3]).*

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 42 Am Jur 2d, Infants §§ 43, 56.
[2] 59 Am Jur 2d, Parent and Child §§ 331, 332.
[3] 76 Am Jur 2d, Trial §§ 1250, 1258.

3. TRIAL—JURY—TRIAL WITHOUT JURY—SPECIFIC FINDINGS.

    *A trial court in an action tried upon the facts without a jury is required to make specific findings of fact and state separately its conclusions of law thereon and direct the entry of the appropriate judgment (GCR 1963, 517.1).*

4. INFANTS—CHILD CUSTODY—BEST INTEREST OF CHILD—FACTORS—
    STATUTES—INDIVIDUAL EVALUATION OF FACTORS.

    *The Court of Appeals, in a child custody case, should remand the matter to the trial court for explication of the trial court's decision where the trial court's opinion states that it gave careful consideration, as required by statute, to all of the factors which determine the best interests of the child, except to one factor, and the trial court did not evaluate and determine each of the factors individually (MCL 722.23; MSA 25.312[3]).*

*James B. Johnson,* for plaintiff.

*Edward J. Kehoe, Jr.,* for defendant.

Before: M. F. CAVANAGH, P. J., and D. E. HOLBROOK and BEASLEY, JJ.

PER CURIAM. Defendant appeals from an order of the trial court denying his petition for change of custody of his minor son. We affirm.

Upon reviewing the briefs and record, we are persuaded that the trial court's decision was neither against the great weight of the evidence nor an abuse of discretion. *Westrate v Westrate,* 50 Mich App 673; 213 NW2d 860 (1973), *lv den,* 391 Mich 812 (1974).

Costs to appellee.

D. E. HOLBROOK, J. *(dissenting).* This writer believes that the majority opinion may prevail; however, this writer further believes that remand is necessary for the purpose of proper review.

Defendant appeals from the order of the trial

court which denied his petition for change of custody of his son, Wayne Douglas Fifield, who was awarded to plaintiff following the parties' divorce.

Under the Child Custody Act, MCL 722.21 *et seq.;* MSA 25.312(1) *et seq.,* in this situation, the trial court is required to determine the "best interests of the child" in awarding custody to the proper parent. In determining the best interests of the child the act lists ten factors, which are to be considered, evaluated and determined by the court. MCL 722.23; MSA 25.312(3). *Burghdoff v Burghdoff,* 66 Mich App 608; 239 NW2d 679 (1976).

GCR 1963, 517.1 requires the trial court to make specific findings of fact and state separately its conclusions of law thereon and direct the entry of the appropriate judgment when an action is tried upon the facts without a jury. See *Zawisa v Zawisa,* 61 Mich App 1; 232 NW2d 275 (1975).

While the trial court's opinion states that it gave careful consideration to all the factors which determine the best interests of the child, except factor (h), the court did not evaluate and determine each of the factors individually.

This writer, therefore, would remand for explication of the trial court's decision. *Ray v Mason County Drain Comm'r,* 393 Mich 294; 224 NW2d 883 (1975).