McMILLAN v McMILLAN

Docket No. 78-4978. Submitted February 7, 1980, at Lansing.—Decided May 20, 1980.

Deloris McMillan, hereinafter plaintiff, was awarded custody of her minor child pursuant to a judgment of divorce from Bruce D. McMillan, hereinafter defendant, the child's father. Subsequently, defendant petitioned the trial court to modify the judgment of divorce by awarding him custody of the minor child. The Ingham Circuit Court, Thomas L. Brown, J., awarded custody of the child to the defendant. Plaintiff appeals. *Held:*

1. Child custody cases are considered *de novo* by the Court of Appeals and the evidence is appraised apart from the trial judge's findings of fact.

2. The Court of Appeals must enforce the "clear and convincing evidence" standard where modification of previous child custody orders is at issue.

3. The trial court did not abuse its discretion in determining that there was clear and convincing evidence warranting a change in custody.

Affirmed.

V. J. BRENNAN, J., dissented. He opined that the trial court failed to find by *clear and convincing* evidence that the best interests of the child required a change of custody from plaintiff to defendant. He would reverse the order of the trial court.

OPINION OF THE COURT

1. PARENT AND CHILD — CHILD CUSTODY — APPEAL.

Child custody cases are considered *de novo* by the Court of Appeals and the evidence is appraised apart from the trial judge's findings of fact.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 822.

[2, 3] 24 Am Jur 2d, Divorce and Separation § 819.

[4] 24 Am Jur 2d, Divorce and Separation § 779.

[5] 24 Am Jur 2d, Divorce and Separation § 820 *et seq.*

2. PARENT AND CHILD — CHILD CUSTODY — MODIFICATION.

· It is the duty of the Court of Appeals to enforce the "clear and
  convincing evidence" standard of the statute on child custody
  where modification of previous child custody orders is at issue
  (MCL 722.27[c]; MSA 25.312[7][c]).

DISSENT BY V. J. BRENNAN, J.

3. PARENT AND CHILD — CHILD CUSTODY — EVIDENCE STANDARD —
   MODIFICATION.

   *A trial court must find by clear and convincing evidence that a*
   *change of custody is in the best interests of the child where a*
   *change of custody is ordered.*

4. PARENT AND CHILD — CHILD CUSTODY — APPEAL — STANDARD OF
   REVIEW.

   *The Court of Appeals in a custody case is required to affirm the*
   *trial court unless it finds that the lower court's judgment is*
   *against the great weight of the evidence, constitutes an abuse*
   *of discretion, or results from clear legal error on a major issue*
   *(MCL 722.28; MSA 25.312[8]).*

5. PARENT AND CHILD — CHILD CUSTODY — MODIFICATION.

   *The focus of a trial court's inquiry in deciding a petition for*
   *change of custody of minor children should be concerned with*
   *the conditions of the parties at the time of the hearing and not*
   *the past conduct of the parties.*

Legal Aid of Central Michigan (by *Chris Camp-bell*), for plaintiff.

*Maurice E. Schoenberger,* for defendant.

Before: CYNAR, P.J., and V. J. BRENNAN and
M. F. CAVANAGH, JJ.

PER CURIAM. Pursuant to a judgment of divorce,
entered on February 20, 1976, plaintiff was
awarded custody of the parties' minor child, born
November 24, 1970. Thereafter, on December 16,
1977, defendant petitioned the trial court to mod-
ify the judgment of divorce to award him custody
of the minor child. Hearings were held on October
2, 3, and 27, and November 21, 1978, following

which defendant was awarded custody of the minor child. This appeal followed as of right.

The trial court's authority to modify previous custody orders stems from MCL 722.27; MSA 25.312(7):

"If a child custody dispute has been submitted to a circuit court as an original action under this act or has arisen incidentally from other actions therein or orders or judgments thereof, for the best interests of the child the court may:

* * *

"(c) Modify or amend its previous judgments or orders for proper cause shown or because of change of circumstances until the child reaches the age of 18 years or in exceptional circumstances, until the child reaches majority. The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child. The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in such environment for guidance, discipline, the necessities of life and parental comfort. The age of the child, the physical environment and the inclination of the custodian and the child as to permanency of the relationship shall also be considered."

"Best interests of the child" is defined in MCL 722.23; MSA 25.312(3), which enumerates ten factors to be considered.

This Court's review of child custody cases is controlled by MCL 722.28; MSA 25.312(8):

"To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the

great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue."

Child custody cases are considered *de novo* and the evidence is appraised apart from the trial judge's findings of fact. *Outcalt v Outcalt,* 40 Mich App 392, 394; 198 NW2d 779 (1972), *Bahr v Bahr,* 60 Mich App 354, 360; 230 NW2d 430 (1975), *lv den* 394 Mich 794 (1975).

This Court's duty is to enforce the "clear and convincing evidence" standard of MCL 722.27(c); MSA 25.312(7)(c), where modification of previous child custody orders is at issue. In *Outcalt, supra,* the trial court had ordered a change of custody on evidence this Court found was at best evenly balanced. The Court held that because clear and convincing evidence was lacking, the trial court's findings were against the great weight of the evidence and the trial court's order was an abuse of discretion.

The trial judge in this case recognized the applicability of the "clear and convincing evidence" standard and made extensive findings of fact, with explicit reference to the factors contained in MCL 722.23; MSA 25.312(3). Our review of his findings persuades us that he did not abuse his discretion in determining that there was clear and convincing evidence warranting a change in custody.

Affirmed.

V. J. BRENNAN, J. *(dissenting).* I must dissent. It is clear from a review of the entire record that the court below failed to apply the proper standard for determining whether a change in custody is appropriate. At the time of the court's decision, permanent custody was in plaintiff. In order for the court below to change custody from plaintiff to defendant, the trial judge was required to find by

clear and convincing evidence that a change of custody was in the best interests of the child, *Berman v Berman,* 84 Mich App 740; 270 NW2d 680 (1978), *Eigner v Eigner,* 79 Mich App 189; 261 NW2d 254 (1977). Nowhere in the lower court's findings was the standard even recognized, let alone applied. The court below considered the factors enumerated in MCL 722.23; MSA 25.312(3) in determining whether the best interests of the child would be served by changing custody. However, the trial judge failed to find by *clear and convincing* evidence that the best interests of the child required a change of custody. Instead the court found at most some evidence supporting change.

While the court found that both parents loved the child it indicated that the father and stepmother were more demonstrative than the mother and that they "have no inhibitions towards or against displaying their emotions, love and affection openly" which the court stated "the Legislature seems to believe * * * important". Again, while finding that both parents were able to provide the child with food, clothing, medical care or other remedial care, the trial judge again characterized plaintiff as "not being openly demonstrative". It goes without saying that the expression of love and affection by hugging and kissing is a matter of individual temperament and not a definitive gauge of the sincerity of love and affection. The court also stated that it was seemingly to the plaintiff's detriment that the child was not a member of a religious sect. The statute, however, only requires the trial court to determine which parent is best able to continue the religious education of the child if, in fact, the child has a religious affiliation.

This Court is required to review *de novo* the record in a custody case and to affirm the trial court's judgment unless we find that it is against the great weight of the evidence, constitutes an abuse of discretion, or results from clear legal error on a major issue, MCL 722.28; MSA 25.312(8), *Bahr v Bahr,* 60 Mich App 354; 230 NW2d 430 (1975), *Berman v Berman, supra.* Failure to apply the clear and convincing evidence standard was clear legal error on the major issue of burden of proof.

Additionally, review of the trial court's findings reveals that its decision was based largely on the fact that plaintiff had moved several times within a short time, apparently as a result of her brief and disastrous marriage, and, furthermore, that a male friend may have spent the night in her apartment. It is the conditions at the time of the hearing which should be the focus of the court's inquiry, not the past conduct of the parties; see *Feldman v Feldman,* 55 Mich App 147; 222 NW2d 2 (1974), *Zawisa v Zawisa,* 61 Mich App 1; 232 NW2d 275 (1975). See also *Hilbert v Hilbert,* 57 Mich App 247; 225 NW2d 697 (1974), *Roudabush v Roudabush,* 62 Mich App 391; 233 NW2d 596 (1975). The record indicates that plaintiff has established a stable environment for her child. There was no indication of any ongoing illicit conduct which might support a change of custody.

I have reviewed the record of the hearing below and find that the clear and convincing evidence standard was not met by the evidence presented. In my opinion there did not exist one valid reason to change the custody of Tina from her mother to defendant. Accordingly, I would reverse.