FREEMAN v FREEMAN

Docket No. 89947. Submitted March 5, 1987, at Lansing. Decided October 6, 1987.

Lisa Ann Freeman was divorced from Michael J. Freeman in Shiawassee Circuit Court. As part of the judgment of divorce, an order of joint custody of the child of the marriage was entered. In evaluating the factors set forth in the Child Custody Act, the circuit court, Gerald D. Lostracco, J., found that, with respect to the first ten factors to be considered in determining the best interests of the child, those factors weighed equally in favor of both parties or weighed in favor of defendant husband. The circuit court, relying on the eleventh factor which permits the court to consider any other factor considered by the court to be relevant, found that, because the child was a female, there was a biological preference which weighed in favor of plaintiff wife. On the basis of this last factor, joint custody was ordered. Defendant appealed.

The Court of Appeals *held:*

It was an abuse of discretion for the circuit court to award joint custody solely on the basis of biological preference where there was no evidence that biological preference was in the best interests of the child.

Reversed and remanded.

DIVORCE — CHILD CUSTODY — JOINT CUSTODY — BIOLOGICAL PREFERENCE.

It is an abuse of discretion for a circuit court to make an award of joint custody on the basis that the child was a female and that a "biological preference" thereby existed in favor of custody by the mother where there was no evidence before the court to substantiate the existence of any such biological preference or that any such biological preference was in the best interests of the child and where all the other factors weighed in favor of the father (MCL 722.23; MSA 25.312[3]).

REFERENCES
Am Jur 2d, Divorce and Separation §§ 974 *seq.*; 987 *et seq.*
Propriety of awarding joint custody of children. 17 ALR4th 1013.
Modern status of maternal preference rule or presumption in child custody cases. 70 ALR3d 262.

*Fitzgerald & Dumon, P.C.* (by *Robert D. Ashley*), for plaintiff.

*George Geddis III,* for defendant.

Before: HOOD, P.J., and D. E. HOLBROOK, JR., and M. R. STEMPIEN,* JJ.

PER CURIAM. Plaintiff and defendant were divorced by judgment entered on September 11, 1985. As part of the judgment, an order of joint custody of the two-year-old minor child, April, was entered. Defendant father appeals as of right from the order of joint custody on the basis that the trial court erred in awarding joint custody solely on the basis of "biological preference," i.e., on the basis that plaintiff mother and the minor child were of the same sex. We agree and reverse and remand.

In determining custody, the trial court applied the factors set forth in the Child Custody Act, MCL 722.23; MSA 25.312(3), to determine what was in April's best interest. The trial court found defendant equal or superior to plaintiff on nearly all of the first ten factors. Two factors were inapplicable and did not enter into the decision. However, on the basis of the eleventh factor, which involves "any other factor considered by the court to be relevant," the court found a "biological preference" to award custody of the child to the parent of the same sex. This factor, of course, weighed in favor of plaintiff. Application of the biological preference resulted in tipping the balance in favor of joint custody.

On this eleventh factor, the court stated:

Now, any other factor here I think turns out to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

be rather significant also for my decision because I think that if you look at a biological argument that you have a two and a half year old girl, you have a two and a half year old girl who has been with her mother, whether rightfully or wrongfully, or by right or by crook, has been with her mother since October of '84. Certainly if a custody question is a close question, as this one is, even though I think if you're keeping a columnar scorecard, so far I think it's been weighted in favor of the Defendant, that biological preference has to have some play here. If it were a boy, everything else being equal, then perhaps this Court would feel that the boy should be with the father at some age, and a young age. And I feel at least in this case that this child on a permanent custodial basis and after a point in time probably should be with the mother—probably should be with both parents —but, as I have already indicated, that preference is not possible here.

This Court reviews child custody cases de novo and examines evidence apart from the trial court's findings of fact. *Baker v Baker,* 411 Mich 567, 573; 309 NW2d 532 (1981). However, our review is limited by MCL 722.28; MSA 25.312(8), which states:

> To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue.

In *Berman v Berman,* 84 Mich App 740, 745; 270 NW2d 680 (1978), lv den 404 Mich 828 (1979), a panel of this Court, confronted with a similar decision by the trial court, stated:

> The foregoing statement was made by the trial

court in assessing the final factor listed in § 3 of the act. That provision allows the court to examine, "Any other factor considered by the court to be relevant to a particular child custody dispute". MCL 722.23(j); MSA 25.312(3)(j). This continues the broad scope of discretion exercised by trial courts in child custody cases. Such discretion enables the court to explore every aspect of the litigants' circumstances so that its custody determination will reflect the child's best interests.

We will not unnecessarily circumscribe that discretion by imposing an absolute prohibition on the trial court's consideration of a child's age and sex as indicia of a need for a particular custodial parent. Under the circumstances of a child custody case, that may be but one of many legitimate considerations in ascertaining the best interests of the child. Of course, that factor cannot, of itself, control the trial court's decision, since the act mandates that in disputes between parents for custody, it is the best interests of the child that control the resolution. MCL 722.25; MSA 25.312(5). See also *Zawisa v Zawisa,* 61 Mich App 1; 232 NW2d 275 (1975).

A review of the trial court's findings indicates that an award of joint custody was made solely on the basis of an unsubstantiated biological preference and therefore constituted an abuse of the trial court's discretion. Since all other factors were equal or weighed in favor of defendant, joint custody, based on the biological preference alone, may not have been in the best interests of the child. Accordingly, we conclude that the order of joint custody be reversed. The case is remanded for a reevaluation of the "best interests of the child." Further, assuming the court again uses the biological preference as a relevant factor, it should make a determination as to whether this preference is substantiated by the evidence.

Reversed and remanded for proceedings consistent with this opinion.