SWEET *v.* SWEET.

1. DIVORCE—CUSTODY OF CHILDREN—STATUTES—FITNESS OF PARENT.
   Statute giving mother a presumptive preference as to custody of children under 12 years of age is not of controlling importance, where unappealed decree of divorce awarded custody of the children to father after finding mother, who had theretofore been an alcoholic, was unfit and subsequent unappealed modification granted her certain rights of visitation and temporary custody upon certain occasions (CL 1948, § 722.-541).

2. SAME—CUSTODY OF CHILDREN—CHANGE OF CIRCUMSTANCES—MODIFICATION OF DECREE.
   Defendant mother, who had been found unfit to have the custody of her 2 young children at time decree was granted father

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 17 Am Jur, Divorce and Separation, §§ 683, 684.

and who was later given only certain rights of visitation and temporary custody upon certain occasions, must show a change of circumstances since the modification in order to obtain their custody.

3. SAME—CUSTODY OF CHILDREN—CHANGE OF CIRCUMSTANCES—FITNESS OF PARENT.

The welfare of 2 young children required the continuance of their custody in the father who had obtained their custody upon decree of divorce from mother then declared unfit to have their custody but subsequently granted their occasional custody, where record on mother's second petition for their custody shows that the father was eminently fit as their custodian and that the mother is still under treatment by a psychiatrist and appeared nervous and unstable in court.

4. SAME—MODIFICATION OF DECREE—CUSTODY OF CHILDREN—REPORT OF FRIEND OF COURT—EVIDENCE.

The report of the friend of the court is not admissible as evidence in proceeding to modify decree of court as to custody of children of divorced parents.

5. SAME—MODIFICATION OF DECREE—CUSTODY OF CHILDREN—EVIDENCE—REPORT OF FRIEND OF COURT.

A trial judge is duty bound to exercise his own judgment in view of properly received evidence at hearing on petition to modify decree of divorce as to custody of children and properly rejected the recommendation of the friend of the court (CL 1948, § 552.253).

6. SAME—CUSTODY OF CHILDREN—COSTS.

No costs are allowed upon affirmance of order denying mother's second petition to modify decree of divorce so as to award her custody of 2 children.

Appeal from Oakland; Doty (Frank L.), J. Submitted October 10, 1950. (Docket No. 32, Calendar No. 44,860.) Decided December 6, 1950.

Divorce proceeding between George F. Sweet and Helen M. Sweet. On petition of defendant for modification of decree as relates to custody of children. Decree for plaintiff. Defendant appeals. Affirmed.

*Arthur L. Goulson,* for plaintiff.

*Howlett & Hartman,* for defendant.

REID, J.   Defendant appeals from an order of the circuit court denying defendant's petition for a second modification of the terms of a divorce decree. Defendant petitioned for change of custody of 2 minor children from plaintiff, her former husband, to herself.

On February 2, 1948, a decree of divorce to become effective in 6 months, was entered in this cause. It granted the plaintiff husband a divorce, awarded him all of the property of the parties hereto and granted him custody of 2 minor children, Mary Jo Sweet, who was 8 years old March 19, 1950 and George F. Sweet, Jr., who was 11 years old December 13, 1949.   The defendant wife did not enter an appearance in the cause and the decree was taken after an order *pro confesso* had been entered.

The grounds for divorce set forth in the bill of complaint were that the defendant drank excessively, neglected the children in question, and neglected her household.

Prior to November 18, 1947, the date the divorce action was filed, the defendant had indulged in the use of alcohol for a number of years.   In October of 1947, the plaintiff had defendant confined to a sanitarium for a period of 10 days because of excessive drinking.   Subsequent to service of process on her in the divorce suit, the defendant visited for several months in the city of New York and she did not appear in or defend the divorce case. .

While in New York, defendant consulted Dr. Joseph Devlin, a medical doctor of considerable experience in the field of psychoneuroses in women, a total of 30 times between January, 1948 and October, 1948.   Dr. Devlin found defendant to be a nor-

mal woman, capable of caring for her 2 minor children and cured of any addiction to the use of alcohol which she may have had in the past. Defendant testified at the hearing on the instant petition, January 26, 1950, that she has consumed nothing of an alcoholic nature since November 19, 1947.

In September of 1948, a petition to modify the decree was filed. After a hearing in open court in February, 1949, the original decree was modified on April 20, 1949, when an order was entered permitting the defendant to have temporary custody of the children on alternate week ends, certain holidays and 3 weeks during the summer vacation, but otherwise continuing full custody with the father. At the time of the hearing resulting in the order of April 20, 1949 the defendant testified that she considered herself an alcoholic and was a member of Alcoholics Anonymous and broke down completely in court.

Late in 1948, the defendant returned to the State of Michigan and secured employment. She has a responsible position as receptionist and assistant to a dentist in the city of Birmingham. Her employer is well satisfied with the manner in which she performs her duties. Her employer, for whom she works 5 days a week and who is the father of a boy and girl of the same ages as defendant's children, feels that the defendant is perfectly capable of caring for her children.

The friend of the court, as a result of the independent investigations of 3 different field workers, recommended that defendant be awarded permanent custody of the children.

Just prior to the filing of this (the second) petition to modify the decree, defendant consulted Dr. J. Jerome Fink, a psychiatrist whom the court found to be qualified as an expert. Defendant saw Dr. Fink 3 times, the last time being the day before the hearing which was had January 26, 1950. Dr. Fink

found defendant capable of caring for her 2 children and was of the opinion that she was no longer an alcoholic.

Except for the period of time that they have been with their mother, the 2 children have been cared for by hired housekeepers and their paternal grandmother, a woman of 78. Since September of 1948, the children have been cared for by 2 different housekeepers.

The children reside with the plaintiff in a home owned by the children, which home was deeded to the children by plaintiff, to whom the divorce decree awarded it.

The defendant claims that she owns her own home and can be financially independent without any help from the plaintiff, and that she could and would stop working if desirable and if she were awarded custody of the children. She is active in the affairs of her church and in those of her children's school.

The real question in this case is whether the 2 children in question are to live with plaintiff or defendant.

Our statute, CL 1948, § 722.541 (Stat Ann § 25.-311), gives a presumptive preference to the mother as against the father as custodian of children under 12 years of age. However, the interests and welfare of the children are of paramount importance. The divorce decree found the mother unfit and the cited statute is not of controlling consequence now in determining the question before us, because there has been no appeal from the divorce decree nor from the order of the trial court of April 20, 1949 modifying the divorce decree by giving defendant certain rights of visitation and temporary custody of the children upon certain occasions.

In order for defendant to obtain the relief sought by her, she must show a change of circumstances since the findings in the divorce decree as modified

by the occasional custody order. See *Hart* v. *Hart,* 266 Mich 564; *Bishop* v. *Bishop,* 286 Mich 567.

Defendant has not shown any important change in her own conditions since the order of April 20, 1949, nor satisfactorily shown the permanency of her improvement. She has not shown that the children are not now receiving as good attention or being as well provided for as they were when the divorce decree was modified in her favor on April 20, 1949.

Defendant claims she was permanently cured of drunkenness at the time of the former hearing, April 20, 1949, and that she still is permanently so cured. The children are as well taken care of now as then.

Moreover, we note that the trial judge doubted her entire cure of alcoholism and stated that she appeared to the court to be very nervous and unstable. It would appear from the testimony that she is still under treatment by a psychiatrist.

Plaintiff has shown by years of tender care for his children, his eminent fitness to be their custodian. The welfare of the children requires the continuance of the father's custody.

Defendant claims that the trial court was in error in rejecting the recommendation of the friend of the court. The report of the friend of the court is not admissible as evidence. The judge was in duty bound to exercise his own judgment in view of properly received evidence, and committed no error by so doing. See CL 1948, § 552.253 (Stat Ann 1949 Cum Supp § 25.173).

The trial court considered the interests of the children paramount and that the welfare of the children dictates that the decree as to the custody of the children should not be further modified and entered its decree accordingly.

We are in accord with the findings of the trial court and affirm the decree. No costs.

BOYLES, C. J., and NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.