SMITH v. SMITH.

DIVORCE—RIGHT OF VISITATION TO CHILD—CHANGED CIRCUMSTANCES.
   Plaintiff father was not entitled to right of visitation to his
   daughter, 5 years of age at time decree of divorce granted her
   complete and unconditional custody to the mother, where plain-
   tiff failed to show any changed circumstances entitling him
   to such right which had been denied him because of the emo-
   tional disturbance of the child from contacts with plaintiff
   previous to the decree.

Appeal from Wayne; Toms (Robert M.), J. Sub-
mitted April 5, 1951. (Docket No. 40, Calendar No.
45,021.) Decided May 14, 1951.

Bill by Russel Leith B. Smith against Mary Ellen
Smith for divorce on ground of extreme and repeated
cruelty. Cross bill by defendant against plaintiff was
withdrawn. Motion by plaintiff for amendment of
decree to provide visitation rights. Motion denied.
Plaintiff appeals. Affirmed.

*Buckingham, Piggins & Rehn* (*Thomas L. Thom-
son,* of counsel), for plaintiff.

*Robert A. Sullivan, Guerin Todd, Jr.,* and *Clark,
Klein, Brucker & Waples,* for defendant.

CARR, J. The parties to this case were married in
September, 1942. In May, 1947, plaintiff filed suit

REFERENCES FOR POINTS IN HEADNOTES
Generally as to right of visitation, see 17 Am Jur, Divorce and Sepa-
ration, § 679.

for divorce in the Wayne circuit court, alleging extreme and repeated cruelty toward him on the part of the defendant. Defendant filed her answer to plaintiff's bill of complaint, denying the charges made against her, and also filed a cross bill alleging conduct on the part of plaintiff and cross-defendant amounting to extreme and repeated cruelty. Subsequently defendant, pursuant to agreement between the parties, withdrew her answer and cross bill, whereupon plaintiff presented his proofs in open court and was granted a decree on the grounds alleged by him.

Said decree, which was filed July 8, 1949, gave to defendant the "complete and unconditional custody" of the child of the parties, a girl then 5 years of age. It recited that the child should be and remain a ward of the court as provided by the statutes of the State, and that power was reserved to grant plaintiff rights of visitation and temporary custody at reasonable times and to require him to make payments for the support and maintenance of the child. The decree made no award in lieu of dower other than the sum of $1, nor did it require plaintiff to make payments presently for the support of the child or of the defendant. Pursuant to RS 1846, ch 84, § 9, as amended by PA 1947, No 323 (CL 1948, § 552.9 [Stat Ann 1949 Cum Supp § 25.89]), the decree was declared to become final 6 months after date.

On July 22, 1949, plaintiff filed a motion or petition to modify the decree in such manner as to grant to him rights of visitation and temporary custody of the child. The record does not indicate any attempt to bring the petition on for hearing prior to the time that the decree became final. On April 18, 1950, the friend of the court filed his report which presumably was called to the attention of the court. On June 29th following, an order was entered dismissing the motion. From such order plaintiff has appealed.

It does not appear from the record that plaintiff offered any proofs in support of his petition. The friend of the court did not undertake to make any findings as to the facts, merely including in his report statements made by the parties to the case, letters from counsel on each side, and a statement and affidavit by a physician setting forth, in substance, that the child is of a nervous temperament and that emotional disturbances affect her health. The opinion was expressed by the friend of the court that no harm would result if the plaintiff's motion were granted, and the recommendation was in accord with the conclusion in this respect. Objections to the recommendation were filed by defendant.

It is evident that at the time the decree of divorce was granted the trial court considered that it would not be for the best interests of the child to grant to plaintiff rights of visitation or of custody. It is a fair inference from the record before us that the child was emotionally disturbed as the result of contacts with the plaintiff previous to the trial of the case. It also appears that plaintiff recognized the situation in this respect at the time the divorce case was heard on June 6, 1949. He then testified as follows:

"Taking into consideration all of the circumstances what I might gain or what I might lose by forcing my wife to permit me to have the custody of that child, I am willing to forget that right at the present time. I think it would possibly be to my daughter's welfare to stay with the mother for awhile until she is—she begins to remember and know she had a father. I am aware of the fact that should circumstances change and should it be for the best interests of the child and not the detriment of my wife or myself, I have a right to apply to this court to give me those privileges in the future. I am waiving with that understanding. I think it is for the best inter-

csts of the child now. I am asking the court to give me a decree of absolute divorce."

It clearly appears from the foregoing statement that plaintiff realized at the time of the hearing that any future action by the court with reference to the modification of the decree would be taken on the basis of changed circumstances affecting the welfare of the child. However, in his motion to amend he did not assert any such change and, as noted, he did not offer any proof with reference to it. There was in consequence nothing before the trial court to indicate that the situation was in any respect different from what it was at the time the case was heard and the decree was granted. Plaintiff did not make a showing entitling him to the relief sought and his petition was properly dismissed. *Sweet* v. *Sweet,* 329 Mich 251.

The order from which the appeal has been taken is affirmed, with costs to defendant.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.