PARROTT v PARROTT

1. DIVORCE—CUSTODY OF CHILDREN—CHANGE OF CUSTODY—BEST IN-
TERESTS OF CHILDREN—STATUTES.

The Child Custody Act sets forth the standard for determining
child custody as the best interests of the child, and provides
that the court shall not change the established custodial envi-
ronment unless there is presented clear and convincing evi-
dence, upon a composition of statutory factors, that it is in the
best interests of the child (MCLA 722.23, 722.27).

2. DIVORCE—CUSTODY OF CHILDREN—APPEAL AND ERROR—STATUTES.

All orders of the circuit court in child custody disputes shall be
affirmed on appeal unless the trial judge made findings of fact
against the great weight of the evidence or committed a palpa-
ble abuse of discretion or a clear legal error on a major issue
(MCLA 722.28).

3. DIVORCE—CUSTODY OF CHILDREN—CHANGE OF CUSTODY—CONTEMPT
—APPEAL AND ERROR—STATUTES.

Changing the custody of a child of divorced parties is not the
proper means for enforcing the court's judgment of divorce or
punishing the mother for her contempt in its violation; there-
fore, a change of custody based upon the trial judge's finding
that the defendant mother had interfered with the plaintiff's
visitation rights and attempted communication with his chil-
dren where the trial judge failed to consider and evaluate the
various factors mentioned in the Child Custody Act was a clear
legal error requiring reversal (MCLA 722.23, 722.28).

Appeal from Barry, Richard Robinson, J. Sub-
mitted Division 3 April 4, 1974, at Grand Rapids.
(Docket No. 19182.) Decided May 31, 1974.

Complaint by James A. Parrott against Carla K.
Parrott (Williams) for divorce. Divorce granted

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 24 Am Jur 2d, Divorce and Separation §§ 772–826.

with custody of the three minor children to defendant. Upon plaintiff's motion an order was entered modifying the judgment of divorce and granting plaintiff custody of two of the minor children. Defendant appeals. Reversed and remanded for further proceedings.

*Siegel & Hudson,* for plaintiff.

*Leo W. Hoffman* and *Stephen M. Kantz,* for defendant.

Before: ALLEN, P. J., and T. M. BURNS and R. L. SMITH,* JJ.

R. L. SMITH, J. This is an appeal from an order modifying a judgment of divorce by granting a change of custody of two minor children to the plaintiff. Defendant appeals and we reverse.

The parties to this suit were married in 1963 and three children were born of this marriage. Plaintiff James A. Parrott was granted the divorce in April, 1970. The judgment granted custody of three minor children to the defendant and provided that support of the minor children was to be held in abeyance pending "application on the part of defendant for such support payments, the defendant having removed herself and the children of the parties hereto from the State of Michigan without notification to the court".

At the time the judgment was entered the defendant had moved to Havana, Illinois, the home of her parents. Shortly thereafter defendant married her present husband. There is evidence that the plaintiff visited his children on one occasion

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

while they lived in Illinois. Shortly after her re-marriage the defendant and her present husband moved to Riverside, California, where they presently reside. There is conflicting testimony that the plaintiff was not allowed to speak to his children on the telephone. Plaintiff sent his children a Christmas package in 1970 and there is no evidence of any other communication or attempted communication between plaintiff and the children. Plaintiff's parents did visit the home of the defendant in California and asked to see the children; this request was denied.

On December 3, 1973 the plaintiff picked up his two older children while they were on their way to school and took them back to Michigan. Defendant and her husband followed him after notification by plaintiff of his intention to secure custody. A prompt hearing was held and the trial court rendered the aforementioned decision.

On this appeal we are confronted with the question of whether or not the trial court erred in ruling that changed circumstances justifying a change in custody had been shown. We quote from the trial court's oral opinion in pertinent part as follows:

"I've talked with these children in chambers. They both appear to be healthy and bright children. There was some testimony as to the little girl being properly clothed as far as shoes and socks, but I'm not worried about it. And there was some reference to a behavior problem this boy was having in school, but again not enough to excite me.

"I'm going to address myself to what I feel is the more serious problem in this case, and that's the fact that the children have not been exposed to a two-parent relationship. That is, both natural parents. It's difficult enough for children who are the children of a broken marriage to adjust to their new situation without de-

priving them of the company of their father, as in this case.

"There's testimony that the defendant took the children out of the state knowing that she would have to have the advance consent of this court. So, apparently she chose to ignore that.

"This, coupled with the fact that I'm satisfied, that she has denied the father the right to see the children, makes me question whether or not she has their best interest at heart.

"I think the fact that the grandparents, the paternal grandparents, were denied the right to see the children is relevant. I think it reflects and is indicative of her attitude toward the father.

"There's been no indication that the father abused the children or that he should not see them. True, he has not exercised strenuous efforts to see them, but we frequently run into cases where fathers are discouraged from exercising their visitation rights by this kind of attitude. The fact that he waited three years doesn't impress me."

It appears that the trial judge based his decision for a change of custody upon his finding that the defendant had interfered with the plaintiff's visitation rights and attempted communication with his children. We do not believe that such a decision is justified under the statutory and case law of this state.

The Child Custody Act of 1970, MCLA 722.23; MSA 25.312(3), sets forth the standard for determining child custody as the "best interests of the child". The act expressly outlines the factors to be considered in determining the best interests of the child and defines this standard as the sum total of the factors to be considered, evaluated, and determined by the court. Ten factors are then enumerated in the act. Another section of the act, MCLA 722.27; MSA 25.312(7), provides in part:

"The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child."

The trial court's opinion is based on a single factor, defendant's interference with the father's relationship with his children and their need for this relationship, and not upon a composition of the statutory factors. We read the record and recommendation of the Friend of the Court to indicate that the children have no real preference and would be happy in either home, that their progress in school is satisfactory, that their home life is healthy and stable, that the plaintiff has made less than token attempts to contact his children and to maintain any semblance of a parental relationship, and that defendant may have failed in her duty to allow such a relationship.

MCLA 722.28; MSA 25.312(8) sets forth the standard for appellate review.

"To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue."

We find a clear legal error in the failure of the trial court to consider and evaluate the various factors mentioned in the Child Custody Act and upon review of this record are of the opinion that there is no legal justification for a change of custody. Changing the custody of a child of the parties is not the proper means for enforcing the court's decree or punishing the mother for her

contempt in its violation. See *Kaiser v Kaiser,* 352 Mich 601; 90 NW2d 861 (1958).

Reversed and remanded for such further proceedings as may be necessary. Custody will remain with the plaintiff until the end of the present school year. Costs to the defendant.

All concurred.