HILBERT v HILBERT

1. DIVORCE—CHILD CUSTODY—STATUTES—CHANGING CUSTODIAL ENVI-
RONMENT—BEST INTERESTS OF CHILD.

A trial court shall not modify or amend its previous judgments or
orders or issue a new order so as to change the established
custodial environment of a child unless there is presented clear
and convincing evidence that it is in the best interest of the
child (MCLA 722.27[c]).

2. DIVORCE—CHILD CUSTODY—STATUTES—FINDINGS OF FACT—EVI-
DENCE—DISCRETION—APPEAL AND ERROR.

The Court of Appeals may not reverse a lower court's adjudica-
tion of a child custody dispute unless the trial judge made
findings of fact against the great weight of evidence or commit-
ted a palpable abuse of discretion or a clear legal error on a
major issue (MCLA 722.28).

3. DIVORCE—CHILD CUSTODY—BEST INTERESTS OF CHILD—STATUTES—
CHILD CUSTODY ACT—EVIDENCE—APPEAL AND ERROR—JUDGES—
FINDINGS OF FACT.

The Court of Appeals will remand for an up-to-date full hearing
and findings of fact by the trial court as required by the Child
Custody Act, taking into consideration the ten factors outlined
therein, where the trial court's adjudication of child custody is
apparently based on only one factor of the ten enumerated in
the Act (MCLA 722.23).

Appeal from Ingham, Jack W. Warren, J. Sub-
mitted Division 2 November 13, 1974, at Lansing.
(Docket No. 19736.) Decided December 5, 1974.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 24 Am Jur 2d, Divorce and Separation §§ 819, 820.
Material facts existing at the time of rendition of decree of divorce
but not presented to court, as ground for modification of provision
as to custody of child. 9 ALR2d 623.
Power of court, on its own motion, to modify provisions of divorce
decree as to custody of children, upon application for other relief.
16 ALR2d 664.

Complaint by Harold Hilbert against Judy Hilbert for divorce. Counterclaim by defendant. Judgment for defendant, with custody of the minor child to defendant. Upon plaintiff's motion an order was entered modifying the judgment and granting plaintiff custody of the minor child. Defendant appeals. Remanded for further proceedings.

*Birch & Dean,* for plaintiff.

*Freihofer, Cook, Hecht, Oosterhouse & DeBoer, P. C.* (by *Philip M. Idema),* for defendant.

Before: BRONSON, P. J., and HOLBROOK and V. J. BRENNAN, JJ.

HOLBROOK, J. At issue in this appeal is the question of whether the trial court erred in changing the custody of the minor child of the parties from the defendant mother to the plaintiff father.

Plaintiff and defendant were married in November of 1960. One child, a son named Harold Sean, was born of the marriage on July 9, 1966.

Plaintiff filed a complaint for divorce in August 1968. Shortly thereafter, defendant and the minor child moved from the marital home in East Lansing to the Lansing home of defendant's parents. Defendant filed a counterclaim for divorce, and after a trial on the merits, a divorce was granted to defendant on May 14, 1970. She was awarded custody of the minor child, with the plaintiff father given the right of visitation.

Defendant and the minor child continued to live with defendant's parents in the Lansing area until the latter part of July 1973. At this time, defendant accepted a job in Grand Rapids and began living in that city on a temporary basis. She

returned to the custodial home in Lansing every weekend and one evening each week pending finalization of her employment status. The minor child continued to live in the Lansing home of his maternal grandparents while defendant sought permanent housing accommodations for herself, her son, and her parents in Grand Rapids.

Plaintiff learned of defendant's employment in Grand Rapids in the latter part of 1973, and on January 24, 1974, he filed a petition for change of custody in the Ingham County Circuit Court, alleging that defendant had abandoned custody of their child and had failed to exercise diligent control and discipline. A hearing on plaintiff's petition was held on February 1, 1974, in the Ingham County Circuit Court. Both parties endeavored to establish superior ability to take care of the minor child through the presentation of their own testimony and that of witnesses.

At the close of the proceedings, the trial court stated that it would call for an investigation and recommendation of the Friend of the Court, and indicated that it would rely upon that recommendation in making its decision. On February 5, 1974, the Friend of the Court issued a report containing a summary of its interviews with the parties and several other people and issued this brief recommendation:

"When compared with the present environment with actual custody maintained by the grandparents, this office would recommend change of custody to the father."

The trial court accepted the recommendation of the Friend of the Court and issued an order on March 11, 1974, changing custody of the minor child from the defendant mother to the plaintiff

father. Defendant timely filed a claim of appeal in this Court, contending that the trial court erred in modifying the judgment of divorce and granting a change of custody of the minor child.

A trial court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child. MCLA 722.27(c); MSA 25.312(7)(c). Furthermore, we may not reverse the lower court's decision "unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue". MCLA 722.28; MSA 25.312(8).

We have searched the entire record in vain for the trial court's findings of fact. However, it seems clear from the record that the trial court's decision was based on the recommendation of the Friend of the Court. MCLA 722.23; MSA 25.312(3) sets forth the standard for determining child custody in the "best interests of the child". The act expressly outlines the factors to be considered in determining the best interests of the child and defines this standard as the sum total of the factors to be considered, evaluated, and determined by the court. Ten factors are then enumerated in the act.[1]

---

[1] MCLA 722.23; MSA 25.312(3) states:

" 'Best interests of the child' means the sum total of the following factors to be considered, evaluated and determined by the court:

"(a) The love, affection and other emotional ties existing between the competing parties and the child.

"(b) The capacity and disposition of competing parties to give the child love, affection and guidance and continuation of the educating and raising of the child in its religion or creed, if any.

"(c) The capacity and disposition of competing parties to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in lieu of medical care, and other material needs.

*Parrott v Parrott,* 53 Mich App 635, 638; 220 NW2d 176, 178 (1974).

The Friend of the Court's recommendation and the trial court's decision are apparently based on a single factor, the custodial environment of the parties. Because conditions of the parties have no doubt changed, we remand for an up-to-date full hearing and findings of fact by the court as required by the Child Custody Act, taking into consideration the ten factors outlined therein. This is to be accomplished within 60 days, including furnishing the transcript and record to this Court.

Remanded for further proceedings consistent with this opinion. We retain jurisdiction.

All concurred.

---

"(d) The length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity.

"(e) The permanence, as a family unit, of the existing or proposed custodial home.

"(f) The moral fitness of the competing parties.

"(g) The mental and physical health of the competing parties.

"(h) The home, school and community record of the child.

"(i) The reasonable preference of the child, if the court deems the child to be of sufficient age to express preference.

"(j) Any other factor considered by the court to be relevant to a particular child custody dispute."