ROUDABUSH v ROUDABUSH

OPINION OF THE COURT

1. INFANTS—CHILD CUSTODY—STATUTES—DIVORCE—STANDARD OF RE-
   VIEW.
   A child custody action is decided in favor of the best interests of
   the child involved, and the standard of review for this dispute
   is provided by statute (MCLA 722.23).

2. INFANTS—CHILD CUSTODY—STATUTES—PREFERENCE OF CHILD—CON-
   SIDERATION—ENVIRONMENTAL DIFFERENCES.
   A statute permits but does not require a trial court to consider
   the preference of a child involved in a child custody action, but
   sound practice dictates that the trial judge speak informally
   with the child, preferably in chambers, when there is a signifi-
   cant environmental difference involved (MCLA 722.23).

DISSENT BY O'HARA, J.

3. COURTS—COURT RULES—INFANTS—CHILD CUSTODY—STALE EVI-
   DENCE—RULES OF EVIDENCE—SPEEDY REVIEW.
   *The Supreme Court should adopt a procedure under its rule-
   making power that would avoid harmful delay and the present
   necessity of appellate courts acting on stale evidence in child
   custody cases by requiring that such cases be brought in the
   name of the child involved rather than as an adversary pro-
   ceeding between divorced parents and that the rules of evi-
   dence relating to ordinary adversary civil cases be discarded;
   the Supreme Court should require a concise statement of the
   proofs adduced and the compulsory inclusion of a report of the
   Friend of the Court after a bona fide investigation be certified*

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation § 785.

[2] 24 Am Jur 2d, Divorce and Separation §§ 784, 794, 820.
   Child's wishes as factor in awarding custody. 4 ALR3d 1396.

[3] 24 Am Jur 2d, Divorce and Separation §§ 791, 792.
   Consideration of investigation by welfare agency or the like in
   making or modifying award as between parents of custody of
   children. 35 ALR2d 629.

*to the Court of Appeals on appeal as of right before a separate
and special rotating panel within ten days of the conclusion of
testimony,' and that the appellate court must hand down its
opinion within 20 days after submission.*

Appeal from Wayne, Thomas Roumell, J. Submitted April 11, 1975, at Detroit. (Docket No. 21364.) Decided June 27, 1975.

Complaint by Janice F. Roudabush against William E. Roudabush for divorce and child custody. Divorce granted and custody awarded to plaintiff. Petition by defendant for change of custody denied. Defendant appeals. Remanded for further proceedings.

Legal Aid and Defender Association of Detroit (by *Thomas E. Cardinal)*, for plaintiff.

*Albert G. Landa,* for defendant.

Before: R. B. Burns, P. J., and M. J. Kelly and O'Hara,* JJ.

M. J. Kelly, J. Plaintiff Janice Faye Roudabush and defendant William Everett Roudabush are the mother and father of Shelley Ann Roudabush, born June 24, 1964. A judgment of divorce was entered on December 11, 1967. Custody of the daughter was granted to plaintiff mother.

After a tour in the United States Navy defendant returned to the home of his parents in Michigan. Plaintiff remarried and moved to Cullman, Alabama, with her new husband and Shelley. Her second marriage, from which two children were born, also failed. At the time the custody hearing

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

appealed from was held, plaintiff had married Giles Gilbreth and moved to Addison, Alabama.

Shortly after plaintiff's second divorce, defendant secured an *ex parte* order from the Wayne County Circuit Court granting him temporary custody of Shelley. Apparently in the Alabama Court Shelley and the two children born of the second marriage were placed in the custody of the second husband, who was of course not related to Shelley. Defendant went to Alabama and came back to Michigan with Shelley. Defendant then filed a petition asking that he be granted permanent custody of Shelley. After a hearing the trial court declined to alter the terms of the initial divorce judgment. From the decision, defendant father appeals, claiming that the trial court's decision was against the great weight of the evidence. The trial judge granted a stay of proceedings pending this appeal so that Shelley remains with the defendant father here in Michigan until the further order of the Court.

The standard of review for this dispute is found in MCLA 722.23; MSA 25.312(3):

" 'Best interests of the child' means the sum total of the following factors to be considered, evaluated and determined by the court:

"(a) The love, affection and other emotional ties existing between the competing parties and the child.

"(b) The capacity and disposition of competing parties to give the child love, affection and guidance and continuation of the educating and raising of the child in its religion or creed, if any.

"(c) The capacity and disposition of competing parties to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in lieu of medical care and other material needs.

"(d) The length of time the child has lived in a stable,

satisfactory environment and the desirability of maintaining continuity.

"(e) The performance, as a family unit, of the existing or proposed custodial home.

"(f) The moral fitness of the competing parties.

"(g) The mental and physical health of the competing parties.

"(h) The home, school and community record of the child.

"(i) The reasonable preference of the child, if the court deems the child to be of sufficient age to express preference.

"(j) Any other factor considered by the court to be relevant to a particular child custody dispute."

Defendant urges that the trial judge erred in not interviewing Shelley as to her desires in the matter. Defendant urged that Shelley was well settled in the paternal grandparents' home here in Michigan and had the care and attention of the grandparents as well as of the father. Defendant also urged that Shelley was well settled in the Michigan Public School System where she had become an accomplished student.

The trial judge was reluctant to interview the child and declined to do so.

The statute permits but does not require the court to take into consideration the preference of the child. We are unable to predicate reversal solely on this issue. However, we do believe that sound practice dictates that the trial judge talk informally with the child, preferably in chambers, when there is such a significant environmental difference as there is in this case. See *Bowler v Bowler*, 351 Mich 398, 406; 88 NW2d 505, 509 (1958).

After the trial judge awarded custody to the mother who attended the hearing with her third

husband of eight days, motion for rehearing was had and ultimately denied. However, the trial judge granted a stay of proceedings pending appeal which has resulted in Shelley's continuance in the Michigan environment for one entire additional school year. This is certainly a significant developmental period in the life of a child of tender years. Since the custody hearing Shelley had another birthday and by the time any order of this Appellate Court would become effective she would turn eleven. We are constrained under the circumstances of this case not to act on stale evidence. For this reason, we are of the opinion that this matter should be remanded for reconsideration of all the unusual divergent factors involved. We request that the trial judge order an up-to-date investigation with a new custodial hearing at which both parties may submit such evidence as they deem calculated to enlighten the trial judge in his task of determining what situation will be in the best interests of the child.

We retain jurisdiction. No costs.

Having received Judge O'HARA's dissent, we add an instruction to the trial court to continue the stay of proceedings referred to in the third paragraph of this opinion until the further order of this Court.

R. B. BURNS, J., concurred.

O'HARA, J. *(dissenting)*. I respect Judge KELLY's concern for the necessity of appellate courts acting on "stale evidence".

In this my sixteenth year as an appellate judge, I have never been able to act on anything else because it is in the nature of the appellate process what with an appeal of right, the necessity of a

transcript, time to file briefs, docketing and oral argument when requested.

With all the fervor I can command I suggest that the Supreme Court forthwith under its rule-making power put an end to this cruel sham of entitling a change in child custody as an adversary proceeding between divorced parents as here. I would like to see the Supreme Court require that such cases be entitled "In the Matter of the Custody of _____, a minor". I would hope the trial bench would be directed to discard all this nonsense of rules of evidence related to ordinary adversary civil cases. Is the question still who is going to "win", appellant or appellee, with the child a pawn of their animosities?

I would hope the Court would require a concise statement of the proofs adduced and a compulsory inclusion of the report of the Friend of the Court after a bona fide investigation and that the rigmarole of strict evidentiary rules be eliminated. I would hope this would all be certified to the Court of Appeals of right before a separate and special rotating panel within 10 days of the conclusion of the testimony and it be required that this Court hand down its opinion within 20 days after submission. I am well aware this is beyond the conventional concept of an intermediate court judge.

I am well aware I invite censure from my colleagues and judicial superiors. I am quite willing to risk that.

As to the case at bar, it was not Shelley who started this litigious ping-pong game. She was settled in her grandparental home and doing well in school. What's wrong with that?

I vote not to disturb the situation in the best interest of the child and order *sua sponte* its continuation.

Thus I vote to reverse without remand and urge the drafting of such an order by this Court.