## TROXLER v TROXLER

Docket No. 78-2115. Submitted October 4, 1978, at Escanaba.—Decided December 5, 1978.

Plaintiff Diane V. Troxler, now known as Diane V. Healy, was granted a divorce from defendant Dennis R. Troxler by the Schoolcraft Circuit Court, William F. Hood, J. The judgment provided that plaintiff have the care, custody, control and supervision of the parties' three children. Defendant filed a petition for change of custody. The court ordered the judgment of divorce modified to change custody of the children from plaintiff to defendant. Plaintiff appeals. *Held:*

1. The trial court made specific findings on the factors which make up the best interests of the child as required by the Child Custody Act.

2. The trial court did not make erroneous findings nor commit a palpable abuse of discretion which would justify reversal.

3. The evidence supports the trial court's findings that it is in the best interests of the children to award custody to their father.

Affirmed.

R. M. MAHER, J., dissented and would hold that the trial court properly considered the factors for determining whether the best interests of the children would be served by changing custody but failed to find by clear and convincing evidence that the best interests of the children required a change of custody. The failure to apply the clear and convincing evidence standard was clear legal error on the major issue of burden of proof.

The conditions at the time of a hearing for a change of custody should be the focus of the court's inquiry, not the past conduct of the parties. The evidence in favor of each party was

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 136.
  42 Am Jur 2d, Infants § 43.
[2, 3, 6] 42 Am Jur 2d, Infants § 43.
[4, 5] 42 Am Jur 2d, Infants §§ 56, 57.
  59 Am Jur 2d, Parent and Child §§ 31, 32.

evenly balanced, therefore, no change of custody should have been granted.

### OPINION OF THE COURT

1. PARENT AND CHILD—APPEAL AND ERROR—CHILD CUSTODY ACT—CUSTODY DISPUTES—FINDINGS OF FACT—ABUSE OF DISCRETION—LEGAL ERROR—STATUTES.

The Child Custody Act provides that all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of the evidence or committed a palpable abuse of discretion or a clear legal error on a major issue (MCL 722.28; MSA 25.312[8]).

2. PARENT AND CHILD—BEST INTERESTS OF CHILD—CHILD CUSTODY DISPUTES—STATUTES.

The best interests of the child shall control in a custody dispute between the child's parents (MCL 722.25; MSA 25.312[5]).

3. PARENT AND CHILD—CHILD CUSTODY ACT—CHANGE OF CUSTODY—CLEAR AND CONVINCING EVIDENCE—BEST INTERESTS OF CHILD—STATUTES.

The Child Custody Act provides that a court shall not change the established custody of a child unless clear and convincing evidence is presented that the change is in the best interests of the child (MCL 722.27[c]; MSA 25.312[7][c]).

4. PARENT AND CHILD—APPEAL AND ERROR—CHILD CUSTODY—CHANGE OF CUSTODY—EVIDENCE—CHILD'S BEST INTEREST—FACTORS—STATUTES.

Custody of the parties' children was properly changed from the mother to the father where the evidence supports the court's findings in favor of the father, and where the court made specific findings on the factors which make up the best interests of the children, finding in favor of the father on three of the factors and that the parties were equal as to the remaining factors (MCL 722.23; MSA 25.312[3]).

### DISSENT BY R. M. MAHER, J.

5. PARENT AND CHILD—APPEAL AND ERROR—CHILD CUSTODY DISPUTES—CHANGE OF CUSTODY—PROPER STANDARD—BEST INTERESTS OF CHILD—CLEAR AND CONVINCING EVIDENCE—CLEAR LEGAL ERROR—STATUTES.

*A trial court failed to apply the proper standard in determining that a change of custody was appropriate, in a child custody dispute, where the court properly considered the factors for*

*determining whether the best interests of the child would be served by changing custody but failed to find by clear and convincing evidence that the best interests of the child required a change of custody; failure to apply the clear and convicing evidence standard was clear legal error on the major issue of burden of proof (MCL 722.23, 722.27, 722.28; MSA 25.312[3], 25.312[7], 25.312[8]).*

6. Parent and Child—Trial—Motions—Child Custody Disputes—Change of Custody—Focus of Inquiry—Present Conditions —Past Conduct.

   *A trial court, in considering a motion for a change of custody, should focus its inquiry on the conditions as they are at the time of the hearing, not on the past conduct of the parties.*

Upper Peninsula Legal Services, Inc. (by *Steven L. Pence),* for plaintiff.

*Nebel & Revord,* for defendant.

Before: J. H. Gillis, P.J., and D. E. Holbrook and R. M. Maher, JJ.

J. H. Gillis, P.J. On March 30, 1977, Judge William F. Hood granted plaintiff a judgment of divorce from defendant. That judgment provided in part that plaintiff have the care, custody, control and supervision of the parties' three children, Todd, Scott and Brad. On August 11, 1977, defendant filed a petition to change custody of the children from plaintiff to himself. After a hearing on the petition on September 9, 1977, Judge Hood filed an order modifying the judgment of divorce thereby giving custody of the three children to defendant.

Plaintiff later filed a motion to set aside that order modifying the judgment of divorce and plaintiff's motion was granted since the court lacked jurisdiction for certain technical reasons. Defendant then filed a second petition for change of custody and a hearing was held on that petition on

May 9, 1978. Again, Judge Hood acted favorably to defendant and ordered a change of custody from plaintiff to defendant. It is from this final order that plaintiff appeals as of right.

The guidelines for appellate review of custody decisions is set forth in the Child Custody Act of 1970, MCL 722.28; MSA 25.312(8):

"To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue."

See also *Feldman v Feldman,* 55 Mich App 147; 222 NW2d 2 (1974), *Radway v Radway,* 81 Mich App 328; 265 NW2d 202 (1978).

When a custody dispute is between parents, the best interests of the child shall control. MCL 722.25; MSA 25.312(5). The act also provides that the court shall not change the established custody of the child unless clear and convincing evidence is presented that the change is in the best interests of the child. MCL 722.27(c); MSA 25.312(7)(c), *Parrott v Parrott,* 53 Mich App 635; 220 NW2d 176 (1974).

The modification of the divorce judgment changed the custody of the children from the mother to the father. As is required by the act, the trial court made specific findings on the factors which make up the "best interests of the child". MCL 722.23; MSA 25.312(3). Our review of the record convinces us that the trial court did not make erroneous findings nor commit a palpable abuse of discretion which would justify reversal.

The trial court found specifically in favor of the father on three of the factors; stable environment,

permanence, as a family unit, of the home, and moral fitness. As to the remaining factors the trial court found the parties were equal.

In addition to that evidence cited by the trial court, we note other testimony which supports the conclusion that it is clearly in the best interests of the children to award custody to defendant. The children were doing well in school and were receiving proper care in their father's home according to an investigator from the friend of the court. The friend of the court also recommended that the children stay with their father.

There was testimony from plaintiff that her new husband (Healy) had struck her and "pretty near knocked her teeth out". Testimony also disclosed that this was Healy's third marriage.

Defendant sent plaintiff a blank check while she was cohabiting with Healy, prior to their marriage, so she could move herself and the children into a place of their own. This testimony was supplied by the plaintiff.

We believe this evidence supports the trial court's findings in favor of the defendant. In addition, the trial court found in favor of neither party on the "preference of the child" factor. There was testimony from both plaintiff and defendant that the children preferred to live with their father. We would be inclined to find in favor of the father as to this factor in addition to those so found by the trial court.

We are convinced that it is in the best interests of the children to award custody to their father. Therefore, the order of the lower court granting custody to defendant is affirmed.

Affirmed. Costs to appellee.

D. E. HOLBROOK, J., concurred.

R. M. MAHER, J. *(dissenting)*. I must dissent. It is clear from a review of the entire record that the court below failed to apply the proper standard for determining whether a change of custody is appropriate. That standard is set out in MCL 722.27; MSA 25.312(7):

"If a child custody dispute has been submitted to a circuit court as an original action under this act or has arisen incidentally from other actions therein or orders or judgments thereof, for the best interests of the child the court may:

\*    \*    \*

"(c) Modify or amend its previous judgments or orders for proper cause shown or because of *change of circumstances* until the child reaches the age of 18 years or in exceptional circumstances, until the child reaches majority. *The court shall not modify or amend its previous judgments* or orders or issue a new order so as to change the established custodial environment of a child *unless there is presented clear and convincing evidence that it is in the best interest of the child."* (Emphasis added.)

At the time of the court's decision, permanent custody was in plaintiff, the earlier order changing custody having been set aside for lack of jurisdiction. In order for the court below to amend the judgment of divorce to change custody from plaintiff to defendant, he was required to find by clear and convincing evidence that a change of custody was in the best interests of the children, *Berman v Berman,* 84 Mich App 740; 270 NW2d 680 (1978), *Eigner v Eigner,* 79 Mich App 189; 261 NW2d 254 (1977). Nowhere in the lower court's findings was this standard even recognized, much less applied. The court below properly considered the factors set out in MCL 722.23; MSA 25.312(3) in determining whether the best interests of the children

would be served by changing custody. However, it failed to find by *clear and convincing* evidence that the best interests of the children required a change of custody. Instead, the court obviously found at most a preponderance of evidence supporting a change.

The court considered the parents equally qualified with regard to emotional ties with the children; capacity to give love, affection and guidance; capacity to provide for material needs; mental and physical health; home, school and community record of the children; and preference of the children. In the matter of moral fitness, the court considered defendant more fit solely because plaintiff had lived with her present husband before their marriage. The court for the same reason considered defendant's home a more stable and satisfactory environment. The court apparently gave no weight to evidence of defendant's history of drinking and violent conduct. Additionally, the court found that defendant's home was the more permanent family unit, because plaintiff planned to move to a new town and because her present husband had not come to court to testify in the custody hearing. After weighing all these factors, the court concluded:

"When I put the sum of them together, the Court is satisfied it is in the best interests of the children that they remain in the present environment and in the present home and that it is in their best interest to do so.

"So an order may be entered granting the defendant husband the permanent custody of the three children."

This Court is required to review *de novo* the record in a custody case, and to affirm the trial court's judgment unless we find that it is against

the great weight of the evidence, constitutes an abuse of discretion or resulted from clear legal error on a major issue, MCL 722.28; MSA 25.312(8), *Bahr v Bahr,* 60 Mich App 354; 230 NW2d 430 (1975), *Berman v Berman, supra.* Failure to apply the clear and convincing evidence standard was clear legal error on the major issue of burden of proof.

Additionally, review of the trial court's findings reveals that its decision was based largely on the fact that plaintiff had lived with her present husband prior to their marriage, rather than on the situation as it existed at the time of the hearing on the petition for change of custody. It is the conditions at the time of the hearing which should be the focus of the court's inquiry, not past conduct of the parties, see *Feldman v Feldman,* 55 Mich App 147; 222 NW2d 2 (1974), *Zawisa v Zawisa,* 61 Mich App 1; 232 NW2d 275 (1975). See also *Hilbert v Hilbert,* 57 Mich App 247; 225 NW2d 697 (1974), *Roudabush v Roudabush,* 62 Mich App 391; 233 NW2d 596 (1975).

I have reviewed the record of the hearing below and find that the clear and convincing evidence standard was not met by the evidence presented. In my opinion the evidence in favor of each party was evenly balanced, and, therefore, no change of custody should have been granted, *Outcalt v Outcalt,* 40 Mich App 392; 198 NW2d 779 (1972).

I would reverse.