HUSTED v HUSTED

Docket No. 48908. Submitted June 20, 1980, at Lansing.—Decided November 5, 1980.

David L. Husted filed a petition for change of custody of his minor children whose custody under the terms of a previously granted judgment of divorce from Diana M. Husted were granted to the mother. Clinton Circuit Court, Timothy M. Green, J., granted his petition. Diana M. Husted appeals, alleging that the trial court erred in changing custody of her children without determining their best interests. *Held:*

The trial court erred in failing to take any evidence regarding the best interests of the children as required by the Child Custody Act of 1970 and basing the change solely on Mrs. Husted's default in failing to personally appear at the custody hearing.

Reversed and remanded.

1. PARENT AND CHILD — CHILD CUSTODY — BEST INTERESTS OF CHILD — STATUTES.

A change of custody of a child by a trial court without a determination by the court of the best interests of the child constitutes error (MCL 722.21 *et seq.;* MSA 25.312[1] *et seq.).*

2. PARENT AND CHILD — CHILD CUSTODY — MODIFICATIONS OF CUSTODY ORDERS — BEST INTERESTS OF CHILD — STATUTES.

The best interests of a child shall control in a custody dispute between its parents, and modification of previous orders providing for the custody of the child should not be made unless it is in the best interests of the child (MCL 722.25, 722.27; MSA 25.312[5], 25.312[7]).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 24 Am Jur 2d, Divorce and Separation §§ 812, 820.
    42 Am Jur 2d, Infants § 57.
[3, 4] 24 Am Jur 2d, Divorce and Separation §§ 795, 801.
[5] 24 Am Jur 2d, Divorce and Separation § 773.
    42 Am Jur 2d, Infants § 33.

3. PARENT AND CHILD — CHILD CUSTODY — VISITATION RIGHTS —
   STATUTES

   A trial court, prior to deciding custody or visitation rights dis-
   putes, should determine the best interests of a child by evaluat-
   ing those factors enumerated in the controlling statute (MCL
   722.23; MSA 25.312[3]).

4. PARENT AND CHILD — CHILD CUSTODY — VISITATION RIGHTS —
   DUTIES OF COURTS — STATUTES — COURT RULES.

   A trial court, in determining the best interests of a child in
   custody or visitation rights disputes, should make definite
   findings of fact and state its conclusions of law for each of the
   factors statutorily prescribed for use in such determination
   (MCL 722.23; MSA 25.312[3], GCR 1963, 517.1).

5. PARENT AND CHILD — BEST INTERESTS OF CHILD — CUSTODY —
   APPEARANCE OF PLAINTIFFS.

   A plaintiff in an action to determine a child's best interests and
   custody need not be personally present for a trial court to act
   on a petition.

*David E. Pierson,* for plaintiff.

*James Moore,* for defendant.

Before: M. F. CAVANAGH, P.J., and D. E. HOL-
BROOK, JR., and J. H. PIERCEY,* JJ.

PER CURIAM. The judgment of divorce, terminat-
ing the marriage between plaintiff and defendant,
awarded custody of the parties' three minor chil-
dren to the plaintiff and provided that she must
notify the court of any change of address and
could not change the children's domicile to outside
the State of Michigan without prior court ap-
proval.

Defendant filed a petition for change of custody,
and plaintiff appeals as of right the court order
changing the children's custody from herself to
defendant.

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant petitioned for a change of custody below, alleging that on March 19, 1979, plaintiff removed herself and the children to Florida without prior court approval and established permanent residence there. The petition further alleged that, while in Florida, the children were subjected to an atmosphere of drinking and filth and had requested to live with defendant. Defendant asked that plaintiff be found in contempt of court for removing the children to Florida without prior court approval and that he be granted custody. Defendant had driven to Florida and brought the children back to Michigan with him just prior to filing the petition.

Plaintiff was personally served in Florida with notice of the hearing on defendant's petition. Plaintiff did not appear at the hearing, but her counsel did. Defendant appeared with counsel. Plaintiff's counsel informed the court that plaintiff would not be at the hearing. Plaintiff's attorney offered to demonstrate "adequate reasons" why plaintiff was not present, reminded the trial judge that no change of custody could validly take place without considering the best interests of the children pursuant to MCL 722.23; MSA 25.312(3), and added that "[w]e're here and ready to proceed at this time even though my client is not". The trial judge rejected counsel's offer and concluded the hearing by changing custody of the children to defendant, stating:

"She [plaintiff] had custody but removed custody of the children from this State without the authority, permission or consent of this Court. She is in violation of an order of this Court, the children are now back within the State of Michigan in the jurisdiction of the Court that had original jurisdiction. The parent that has custody had petitioned for a change of custody and

this matter was set for hearing today to determine such through an advocacy proceeding.

"Inasmuch as the mother is not present, her default may be entered and the custody of the children will remain with the father under the jurisdiction of this Court until the further order of this Court."

Plaintiff, on appeal, contends that the court committed reversible error by changing custody of the children to defendant without determining what the best interests of the children were pursuant to the Child Custody Act of 1970, MCL 722.21 *et seq.;* MSA 25.312(1) *et seq.* We agree.

In *Dowd v Dowd,* 97 Mich App 276, 278-279; 293 NW2d 797 (1980), this Court stated:

"The [Child Custody Act of 1970] provides that in a custody dispute between parents the best interests of the child shall control, MCL 722.25; MSA 25.312(5), and indicates that modification of previous orders providing for custody should not occur unless the modification is in the best interests of the child. MCL 722.27; MSA 25.312(7). The act contains an extensive list of factors to be considered in determining the best interests of the child.

"The trial court must evaluate each of the factors to determine the best interests of the child before deciding a custody or visitation rights dispute. *Flaherty v Smith,* 87 Mich App 561; 274 NW2d 72 (1978), *Troxler v Troxler,* 87 Mich App 520; 274 NW2d 835 (1978), *Stevens v Stevens,* 86 Mich App 258; 273 NW2d 490 (1978). * * * Furthermore, the trial court was required by GCR 1963, 517.1 to make definite findings of fact and to state its conclusions of law; a duty which extends to the determination and explicit consideration of each of the 'best interests' factors listed in the act. *Lewis v Lewis,* 73 Mich App 563; 252 NW2d 237 (1977)."

Because the trial court declined to take any evidence regarding the best interests of the chil-

dren and based the change of custody solely upon plaintiff's "default", we reverse and remand for a hearing within 30 days to determine the children's best interests and custody pursuant to the Child Custody Act. Notice of that hearing upon plaintiff's counsel of record shall be sufficient notice to the plaintiff. There is no requirement that plaintiff be personally present in order for the trial court to act on the petition. Plaintiff's counsel shall be afforded the opportunity to present whatever proofs he deems appropriate and to cross-examine any witnesses that may appear.

Reversed and remanded.