SHELTERS v SHELTERS

Docket No. 57392. Submitted October 7, 1981, at Lansing.—Decided April 7, 1982.

Richard Shelters sought a divorce from his wife, Christine Shelters. The trial court awarded each party temporary custody of one of the couple's two children. Each party sought permanent custody of both children. Following trial, the Washtenaw Circuit Court, William F. Ager, J., granted the divorce, granted permanent custody of the parties' son to plaintiff, and reserved his decision on permanent custody of the parties' daughter. The reservation of decision was based upon reports from social agencies in Kentucky and California, where the defendant and the daughter had been living, and upon an earlier recommendation of the Washtenaw County Friend of the Court, although the judge also noted that the evidence presented at trial indicated that custody of the daughter should be awarded to the plaintiff. Plaintiff appeals, alleging that the trial court erred in reserving the custody decision on the daughter because the reservation was based upon reports that were not part of the record. *Held:*

1. Where custody is disputed a recommendation of the friend of the court and any similar reports from other states are not admissible into evidence except upon stipulation of the parties. In this case the plaintiff objected to the use of the reports and they were never admitted into evidence. Therefore, because a decision on a custody matter must be based upon properly received evidence adduced in the custody hearing, the court's decision as based on the reports was erroneous.

2. The matter is remanded for a definite decision based upon

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 868.
   24 Am Jur 2d, Divorce and Separation § 337.
[2] 4 Am Jur 2d, Appeal and Error § 136.
   24 Am Jur 2d, Divorce and Separation §§ 337, 779.
[3] 24 Am Jur 2d, Divorce and Separation §§ 337, 783.
[4] 24 Am Jur 2d, Divorce and Separation §§ 337, 363.
   29 Am Jur 2d, Evidence § 257.
[5] 4 Am Jur 2d, Amicus Curiae § 4.

competent evidence. Both parties may supplement the record with any new evidence relevant to the daughter's custody.
    Remanded.

1. APPEAL — DIVORCE.
    The Court of Appeals reviews divorce matters *de novo* on the record but gives great weight to the trial court's findings of fact.

2. APPEAL — CHILD CUSTODY — STATUTES.
    A child custody award must be affirmed unless the trial judge's findings of fact are against the great weight of the evidence or the judge committed a palpable abuse of discretion or clear error on a major issue (MCL 722.28; MSA 25.312[8]).

3. PARENT AND CHILD — CHILD CUSTODY — BEST INTERESTS OF CHILD — STATUTES.
    A trial court's primary concern in a child custody dispute is the best interests of the child as determined by analysis and findings of fact on specific statutory factors (MCL 722.23; MSA 26.312[3]).

4. PARENT AND CHILD — CHILD CUSTODY — EVIDENCE.
    The findings of a trial judge relative to child custody must be based upon competent evidence adduced in the custody hearing.

5. PARENT AND CHILD — CHILD CUSTODY — FRIEND OF THE COURT — EVIDENCE.
    A recommendation of the friend of the court is not admissible into evidence in a disputed child custody matter, nor are reports from other states which are similar to a friend of the court recommendation, except upon stipulation of the parties; such recommendations and reports may be considered by the trial court but its decision on the custody issue must be based upon properly received evidence.

*George W. Kelsey,* for plaintiff.

Before: ALLEN, P.J., and M. J. KELLY and J. J. KELLEY,* JJ.

M. J. KELLY, J. Plaintiff Richard Shelters appeals from a provision in the April 20, 1981, divorce judgment which reserved a decision on the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

award of custody of the couple's daughter Sara, who was living with defendant Christine Shelters.

During the parties' marriage they had two children, Matthew David and Sara. On April 22, 1980, plaintiff filed for divorce and the court, pursuant to an agreement by the parties, awarded temporary custody of the parties' son to plaintiff and the parties' daughter to defendant. The order awarding temporary custody also provided that neither party would remove the children from the state without written stipulation by the other party and written consent of the Washtenaw County Friend of the Court. After filing an answer in which she requested the court to award her permanent custody of both children, defendant removed the parties' daughter to Kentucky and later to California. On June 19, 1980, plaintiff petitioned for change of possession and permanent custody of both children.

When defendant's attorney withdrew from the case at defendant's request, the trial court awarded temporary custody of both children to plaintiff in an effort to assure that Sara would be interviewed and evaluated by the Washtenaw County Friend of the Court. Defendant failed to return Sara to Michigan.

Although notice was sent to defendant and her former attorney, defendant failed to appear for the pretrial conference and the trial. The trial was held on October 29, 1980, during which plaintiff introduced a number of witnesses who testified that he was a good father. The witnesses also testified that defendant was not a good housekeeper and used controlled substances.

Following trial, the court rendered an opinion in which it granted plaintiff custody of the parties' son but reserved decision on permanent custody of

the parties' daughter. In reserving the question of custody, the trial court considered reports from the Bureau of Social Services of Jackson, Kentucky and from California social service workers regarding the home situation of defendant. These reports, which had been ordered by the trial court, indicated that defendant was a good mother and that Sara was being well taken care of. In particular, the court noted that the California reports suggested that it would be a "disaster for the child to be taken from the possession of the mother at this time". The court also noted that earlier the Washtenaw County Friend of the Court had recommended that custody of both children be placed with defendant. While the trial court noted that the evidence presented at trial indicated that the plaintiff should be awarded custody of the parties' daughter, it concluded that, on the basis of the reports, the custody question must be reserved until the Washtenaw Friend of the Court could interview Sara and make a full report to the trial court.

Plaintiff petitioned the trial court for clarification and for reconsideration of its opinion concerning custody of Sara. While the trial court admitted it took Sara's custody under advisement based on the reports submitted by the California social workers, it refused to modify its original opinion. On April 20, 1981, the trial court entered a judgment of divorce which provided that the custody of Sara could be reserved. Plaintiff appeals the decision claiming the trial court's decision regarding custody of Sara was error because it was based upon reports which were not part of the record.

This Court reviews divorce matters *de novo* upon the record but gives great weight to the trial court's findings of fact where the trial judge saw

the witnesses and heard the testimony. *Nichols v Nichols,* 106 Mich App 584, 587; 308 NW2d 291 (1981). A custody award must be affirmed unless the trial judge's findings of fact are against the great weight of the evidence or he committed a palpable abuse of discretion or clear error of law on a major issue. MCL 722.28; MSA 25.312(8), *Nichols, supra,* 588.

When a custody dispute arises between parents, the court's primary concern must be the best interest of the child. MCL 722.25; MSA 25.312(5). To determine the best interests of the child, the court is required to analyze and make findings of fact on the specific factors enumerated under MCL 722.23; MSA 25.312(3). *Cooper v Cooper,* 93 Mich App 220, 226; 285 NW2d 819 (1979), *Troxler v Troxler,* 87 Mich App 520, 523; 274 NW2d 835 (1978). The findings of a trial judge relative to custody must be based upon competent evidence adduced in the custody hearing. *Sweet v Sweet,* 329 Mich 251, 256; 45 NW2d 58 (1950), *Nichols, supra,* 591. Where child custody becomes a disputed matter, the friend of the court's recommendation is not admissible in evidence except by stipulation of the parties. *Sweet, supra,* 256, *Nichols, supra,* 591. While the trial judge may consider the friend of the court's report, his decision on the custody issue must be based upon properly received evidence. *Brugel v Hildebrant,* 332 Mich 475, 484; 52 NW2d 190 (1952), *McCarthy v McCarthy,* 74 Mich App 105, 109; 253 NW2d 672 (1977). Finally, reports from other states which are similar to a friend of the court recommendation are also not admissible unless the parties so stipulate. *Adams v Adams,* 100 Mich App 1, 15; 298 NW2d 871 (1980), *lv den* 409 Mich 935 (1980).

The dispute in this case arises over the custody

of the parties' daughter. During the trial, plaintiff presented evidence which supported his claim that he should be given custody. Because defendant failed to appear at trial, no evidence in support of her custody claim was presented. In his opinion the trial judge noted that if he considered only the evidence presented at trial, he would have to award custody of Sara to plaintiff. However, the court temporized and refused to rule on this evidence. The court instead relied on the reports from the Washtenaw Friend of the Court, the Bureau of Social Services of Jackson, Kentucky, and the California social service workers. These reports were never entered into evidence and plaintiff objected to their use. The judge's decision in this case was really a decision not to make a decision and was based solely on the outlawed reports. It was not error for the judge to require such reports and to review them. GCR 1963, 727.1 and 727.2, MCL 552.253; MSA 25.173. Plaintiff's objection precluded their entry into evidence, cf. *Brugel v Hildebrant, supra,* but they nevertheless remained the obstacle to a decision on the merits.

Custody determinations should be expedited, not left hanging or based on stale evidence. We remand to the trial court for a definite decision on the issue of Sara's custody based upon competent evidence and not the hearsay reports. Both parties shall be given an opportunity to supplement the record with any new evidence relevant to that issue. *Roudabush v Roudabush,* 62 Mich App 391, 395; 233 NW2d 596 (1975).

Remanded. We do not retain jurisdiction.