# STATE OF MICHIGAN

# COURT OF APPEALS

JOSE ALBERTO HERNANDEZ,

Plaintiff-Appellee,

V

SHANITA LEE REYNOLDS,

Defendant-Appellant.

UNPUBLISHED
July 7, 2016

No. 328886
Allegan Circuit Court
LC No. 11-049483-DC

Before: MURPHY, P.J., and WILDER and BORRELLO, JJ.

WILDER, J. (*dissenting*).

I respectfully dissent. Because the trial court based its custody decision on stale evidence—and refused to consider any new evidence—I would reverse and remand this matter for the trial court to consider the custody issue anew in light of up-to-date information.

Although I, like the majority, do not take issue with the *facial* sufficiency of the trial court's stated findings, nevertheless, in terms of substance, those findings were supported by a woefully stale record, particularly given the age of the minor child involved. The bench trial below concluded on October 15, 2013, when the child was a little over two years old, and yet the trial court did not rule on the custody issue until February 19, 2015, at which time the child was nearly three-and-a-half years old. Notwithstanding, when it ruled, the trial court expressly refused to consider any new "events or evidence offered by [defendant mother] that [we]re not addressed in the existing hearing record."[1]

"Custody determinations should be expedited, not left hanging or based on stale evidence." *Shelters v Shelters*, 115 Mich App 63, 68; 320 NW2d 292 (1982). Given the passage

---

[1] Because it is the *child's* interest that is safeguarded by the best-interests analysis—not that of the parents—it is immaterial that both parties agreed with the trial court's decision to cancel the evidentiary hearing that was originally scheduled for February 19, 2015. See MCL 722.25(1); *Lombardo v Lombardo*, 202 Mich App 151, 159-160; 507 NW2d 788 (1993) ("The controlling consideration in child custody disputes between parents is the best interests of the children. . . . Parties to a divorce judgment cannot by agreement usurp the court's authority to determine suitable provisions for the child's best interest.").

of time, and the trial court's refusal to consider up-to-date information, the record was insufficient to support either the trial court's best-interests determination—particularly under the applicable clear and convincing evidence standard—or its finding regarding the child's established custodial environment, particularly since the trial court refused to consider any evidence of where the child had been living, or with whom, during the 16 months immediately preceding its ruling.

Moreover, because of the trial court's reliance on stale evidence, I disagree with the majority's analysis of best-interests factors (a) ("The love, affection, and other emotional ties existing between the parties involved and the child."), (b) ("The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any."), (d) ("The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity."), and (e) ("The permanence, as a family unit, of the existing or proposed custodial home or homes"), under MCL 722.23. Considering only the outdated record evidence, I respectfully disagree that it was possible for the trial court to cogently analyze these factors.

In sum, the record in this case was simply too stale to support the trial court's findings. For that reason, I would reverse and remand for the trial court to reconsider the custody issue with due consideration of up-to-date information.

/s/ Kurtis T. Wilder